UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 21-CR-305 (JEB) |
| : | |
| SARA CARPENTER, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S CONSENT MOTION TO CONTINUE AND TO
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The defendant hereby moves this Court for a 60-day continuance of the above-captioned proceeding, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that taking such action is in the interest of justice and outweighs the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  In support of its motion, the defendant states as follows:

**FACTUAL BACKGROUND**

On June 16, 2021, the government filed the seven-count Superseding Indictment charging Ms. Carpenter with crimes relating to the events that occurred at the United States Capitol on January 6, 2021. Count One of the Indictment charges Ms. Carpenter with Civil Disorder, in violation of Title 18, United States Code, Section 231(a)(3) and 2. Count Two charges Ms. Carpenter with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2. Count Three charges Ms.

1

Carpenter with Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(l). Count Four charges Ms. Carpenter with disorderly conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2). Count Five charges Ms. Carpenter with and disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D). Count Six charges Ms. Carpenter with Impeding Passage Through the Capitol Grounds or Buildings, in violation of Title 40, United States Code, Section 5104(e)(2)(E). Count Seven charges Ms. Carpenter with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G).

On July 7, 2021, Ms. Carpenter was arraigned on the Indictment and entered a plea of not guilty. At the arraignment, the parties jointly requested that the Court enter an order of excludable delay to allow counsel and the defendant time to review discovery and to allow the parties the opportunity to engage in plea negotiations without the need to prepare for trial. The Court granted that parties' request, and entered an order of excludable delay from July 7, 2021 until September 8, 2021 finding that the interests of justices outweighed the need for a speedy trial.

The government has provided discovery to the defendant, including voluminous electronic discovery, as well as discovery that has been designative as sensitive and or highly sensitive and is subject to the protective order issued by the Court. By memorandum dated July 13, 2021, the government notified defense counsel of its intention to make available additional copious material which may be relevant to the defendant. *See* Dkt. No 28.

## ARGUMENT

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Pursuant to Section 3161(h)(7)(A) of the Speedy Trial Act, the Court must exclude from the computation of time within which a trial must commence any period of delay

> "resulting from a continuance . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This Court is required to set forth its reasons for finding that exclusion is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list of factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the

>reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As the government has previously asserted, their investigation into the events at the Capitol on January 6, 2021 "is likely the most complex investigation ever prosecuted by the Department of Justice." *See* Dkt. No. 13 at 6. It is well established that the need for reasonable time to organize, produce, and review voluminous discovery is an appropriate basis to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011). Additionally, the parties are engaging in plea negotiations and believe it may be

possible to resolve the case without the need for a trial.

Accordingly, the ends of justice is served by granting this request for a continuance and the reasons for the continuance outweigh the interest of the public and the defendant in a speedy trial.

Counsel for Ms. Carpenter has conferred with the government and notified the government counsel of the filing of this motion and the government consents to the requested continuance.

WHEREFORE, the defendant respectfully requests that this Court grant the motion for a 60-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice are served by taking such actions and that those ends outweigh the interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

By:     /s/ *Michelle A. Gelernt*
        Michelle A. Gelernt
        Deputy Attorney-in-Charge
        Federal Defenders of New York
        Brooklyn, NY 11201
        Telephone: (718) 330-1204
        Email: michelle_gelernt@fd.org