UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No. 21-CR-305 (JEB) |
| : | |
| **SARA CARPENTER,** : | |
| : | |
| **Defendant.** : | |

**DEFENDANT'S CONSENT MOTION TO CONTINUE AND TO
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The defendant hereby moves this Court for a 30-day continuance of the above-captioned proceeding, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that taking such action is in the interest of justice and outweighs the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the defendant states as follows:

**FACTUAL BACKGROUND**

On December 1, 2021, the government filed the Second Superseding Indictment, charging Ms. Carpenter with essentially the same 7 counts as the First Superseding Indictment. Count One of the Indictment charges Ms. Carpenter with Civil Disorder**,** in violation of Title 18, United States Code, Section 231(a)(3) and 2. Count Two charges Ms. Carpenter with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2. Count Three charges Ms. Carpenter with

1

Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(l). Count Four charges Ms. Carpenter with disorderly conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2). Count Five charges Ms. Carpenter with and disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D). Count Six charges Ms. Carpenter with Impeding Passage Through the Capitol Grounds or Buildings, in violation of Title 40, United States Code, Section 5104(e)(2)(E). Count Seven charges Ms. Carpenter with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G).

On December 10, 2021, Ms. Carpenter appeared before the Court via video teleconference for arraignment on the Second Superseding Indictment and entered pleas of not guilty to all counts. At that hearing, the parties notified the Court that Ms. Carpenter had not accepted the government's plea offer, and requested an order of excludable delay be issued in the interests of justice to allow the parties to continue to explore whether a resolution short of trial could be reached and, if not, to allow counsel sufficient time to review discovery and determine what, if any, motions to file. As the Court is aware, the government has provided discovery to the defendant, including voluminous electronic discovery, as well as discovery that has been designative as sensitive and or highly sensitive and is subject to the protective order issued by the Court. *See* Dkt. No. 38.

Subsequent to the last status conference, the government has continued to provide discovery. Additionally, on January 11, 2022, the government tendered a second plea offer to Ms. Carpenter, which expired on January 24, 2022. After informing government counsel that Ms. Carpenter would not accept the offer, the government agreed to prepare a presentation for

Ms. Carpenter demonstrating what the government intends to prove at trial.

## ARGUMENT

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Pursuant to Section 3161(h)(7)(A) of the Speedy Trial Act, the Court must exclude from the computation of time within which a trial must commence any period of delay

> "resulting from a continuance . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This Court is required to set forth its reasons for finding that exclusion is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list of factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a

> whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As the government has previously asserted, their investigation into the events at the Capitol on January 6, 2021 "is likely the most complex investigation ever prosecuted by the Department of Justice." *See* Dkt. No. 13 at 6. It is well established that the need for reasonable time to organize, produce, and review voluminous discovery is an appropriate basis to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013); *United States*

*v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011). Additionally, the parties are engaging in plea negotiations and believe it may be possible to resolve the case without the need for a trial. The requested continuance is necessary to allow Ms. Carpenter the time to attend and consider the government's presentation scheduled for February 7 and make a determination about whether or not resolve the case short of trial.

Accordingly, the ends of justice will be served by granting this request for a continuance and the reasons for the continuance outweigh the interest of the public and the defendant in a speedy trial.

Counsel for Ms. Carpenter has conferred with the government and notified the government counsel of the filing of this motion and the government consents to the requested continuance.

WHEREFORE, the defendant respectfully requests that this Court grant the motion for a 30-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice are served by taking such actions and that those ends outweigh the interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

By:  /s/ *Michelle A. Gelernt*
Michelle A. Gelernt
Deputy Attorney-in-Charge
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1204
Email: michelle_gelernt@fd.org

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | **Criminal No. 21-CR-305 (JEB)** |
| : | |
| **SARA CARPENTER,** : | |
| : | |
| **Defendant.** : | |

## ORDER

Based upon the representations in the Defendant's Consent Motion to Continue and to Exclude Time Under the Speedy Trial Act, and upon consideration of the entire record, the Court makes the following findings:

Defendant is charged via superseding indictment with offenses related to the events that occurred at the United States Capitol on January 6, 2021.

Because of voluminous discovery already disclosed to the defendant, as well as yet to be disclosed potential discovery materials, the requested continuance is necessary to allow a reasonable time for effective preparation by all parties. Further, a continuance is necessary to allow the parties to continue to engage in plea negotiation without the necessity of preparing for trial. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, it is this _____ day of _____, 2022,

**ORDERED** that the Defendant's Consent Motion to Continue and to Exclude Time

Under the Speedy Trial Act, is hereby GRANTED; it is further

**ORDERED** that this proceeding is continued to_____, 2022, at _____; and it is further

**ORDERED** that the time period from the date of this Order through and including the date of the next hearing is hereby excluded from the computation of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

_____  
THE HONORABLE JAMES E. BOASBERG  
UNITED STATES DISTRICT JUDGE