UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. 21-CR-305 (JEB) |
| : | |
| SARA CARPENTER, : | |
| : | |
| Defendant. : | |

DEFENDANT'S CONSENT MOTION TO CONTINUE TRIAL
AND EXTEND MOTION SCHEDULE

The defendant hereby moves this Court to continue the trial in the above-captioned case and extend the deadlines for defendant's motions on the basis that taking such action is in the interest of justice and outweighs the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the defendant states as follows:

FACTUAL BACKGROUND

On March 2, 2022, the parties appeared before the Court via video teleconference. The Court set a jury trial date of November 7, 2022 and a pretrial motion schedule as follows: defendant's motions due August 1, 2022; the government's response in opposition due August 22, 2022; defendant's reply, if any, to be filed by September 6, 2022. The Court scheduled a pretrial conference for October 21, 2022, at 11:00 a.m.

Pursuant to Section 3161(h)(7)(A) of the Speedy Trial Act, the Court issued an order of excludable delay in the interests of justice, tolling Speedy Trial from March 2, 2022, through

1

November 7, 2022.

Since the parties' appearance before the Court on March 2, 2022, the government has made voluminous additional disclosures, including thousands of pages of documents and hundreds of hours of video and audio recordings. On March 4, 2022, the government disclosed 66 files consisting of approximately 35 hours of body-worn camera ("BWC") footage designated as highly sensitive. On April 1, 2022, the government disclosed global discovery productions shared with defense counsel via the Relativity workspace on March 18, 22, 25, and 28. On April 25, 2022, the government disclosed global discovery productions shared with defense counsel via the Relativity workspace on April 12, 14 and 22. On May 9, 2022, the government disclosed global discovery productions shared on the Relativity workspace on May 3, and May 6. On June 7, 2022, the government provided additional case specific discovery relating to the defendant in the form of a link to open source media containing a video purported to depict the defendant at the Capitol on January 6, 2022.

This case was recently reassigned to Assistant United States Attorney Christopher Cook, who filed his notice of appearance on June 17, 2022. On July 17, 2022, the government disclosed an additional global production shared via the Relativity workspace on July 11, 2022 and also provided defense counsel its July 12, 2022 summary regarding the status of discovery databases access and the global productions that have been made accessible to defense counsel as of that date. According to the summary, 1,880,698 files have been provided to the defense Relativity database, including approximately 208 digitally recorded interviews; 1,011 FBI FD-302s; 61,301 tips; and the results of searches of 490 digital devices and 98 Stored Communications Act accounts. Thus far, more than 24,000 files have been provided to the defense evidence.com video repositories, and corresponding

indexes have been made available via USAfx. While the government has made efforts to designate the portions of the global productions specifically relevant to Ms. Carpenter, it has cautioned that such designations are subjective and that there may be additional material relevant to the defendant produced in the global discovery. Thus, the defendant has been advised not to limit the review of the global discovery to the specifically designated or coded files.

Subsequent to receipt of the above disclosures, the parties conferred regarding outstanding discovery as well as the possibility of a resolution short of trial. Based on these initial discussions, the parties believe further discussions may advance the possibility of resolving the case without the necessity of a trial.

Regarding the outstanding discovery, the government previously disclosed a Cellebrite analysis report of a cellular device belonging to Ms. Carpenter but has not yet provided the forensic extraction. Counsel for the government indicated he will make arrangements to do so or to provide defense counsel with the actual device if the parties can reach an agreement on a stipulation regarding the government's use of a duplicate at trial, in which case he would provide defense counsel with a proposed stipulation.

**ARGUMENT**

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the date of filing (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Pursuant to Section 3161(h)(7)(A) of the Speedy Trial Act, the Court must exclude from the

computation of time within which a trial must commence any period of delay:

> resulting from a continuance . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The Court is required to set forth its reasons for finding that exclusion is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list of factors the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a

4

continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As the government has previously asserted, its investigation into the events at the Capitol on January 6, 2021 "is likely the most complex investigation ever prosecuted by the Department of Justice." *See* Dkt. No. 13 at 6. Subsequent to the scheduling of the trial defense counsel has received voluminous additional discovery. Further, there remains additional discovery outstanding which defense counsel will likely not obtain or have the opportunity to review before the scheduled August 1 motions filing deadline. Given the volume of discovery which has been produced and the still outstanding discovery defense counsel must review in order to prepare defendant's motions, a continuance of the trial and an extension for the deadlines to file motions is warranted. It is well established that the need for reasonable time to organize, produce, and review voluminous discovery is an appropriate basis to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011).

Additionally, given that there is new government counsel who has only recently been assigned to the case, the parties believe it could prove fruitful to engage in additional plea discussions to ascertain whether the case can be resolved without the need for a trial.

For the above stated reasons the ends of justice will be served by granting this request for a

continuance and the reasons for the continuance outweigh the interest of the public and the defendant in a speedy trial.

Counsel for Ms. Carpenter has conferred with the government and notified the government counsel of the filing of this motion and the government consents to the requested continuance.

WHEREFORE, the defendant respectfully requests that this Court grant the motion for a continuance of the trial and an extension of the motion schedule, and requests that the Court set the matter down for a status conference in approximately 60 days to a day convenient to the Court and the parties. As the Court previously excluded time through November 7, 2022, the parties agree there is no need for the Court to issue an additional order of excludable delay at this juncture. Nonetheless, should the Court grant the parties request to issue an order cancelling the trial date and holding the motion schedule in abeyance, the parties will consent to an order of excludable delay from November 7, 2022 though the rescheduled date for the commencement of the trial on the basis that the ends of justice are served by taking such actions and that those ends outweigh the interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

By:     /s/ *Michelle A. Gelernt*
Michelle A. Gelernt
Deputy Attorney-in-Charge
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1204
Email: michelle_gelernt@fd.org

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Criminal No. 21-CR-305 (JEB)** |
| : | |
| **SARA CARPENTER,** : | |
| : | |
| **Defendant.** : | |

**ORDER**

Based upon the representations in the Defendant's Consent Motion to Continue and hold the motion schedule in abeyance, and upon consideration of the entire record, the Court makes the following findings:

Defendant is charged via superseding indictment with offenses related to the events that occurred at the United States Capitol on January 6, 2021.

Because of voluminous discovery already disclosed to the defendant, as well as yet to be disclosed potential discovery materials, the requested continuance is necessary to allow a reasonable time for effective preparation by all parties. Further, a continuance is necessary to allow the parties to continue to engage in plea negotiation without the necessity of preparing for trial. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, it is this _____ day of _____, 2022,

**ORDERED** that the Defendant's Consent Motion to Continue and request that the current motion schedule is held in abeyance is hereby GRANTED; it is further

**ORDERED** that this proceeding is continued to _____, 2022, at _____.

_____
THE HONORABLE JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE