# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-305 (JEB)** |
| | : | |
| **SARA CARPENTER** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION IN LIMINE REGARDING
## AUTHENTICATION OF PHOTO AND VIDEO EVIDENCE

The government hereby moves *in limine* regarding the authentication of photo and video evidence under Federal Rules of Evidence 104, 901, and 902. The government has provided the Defendant with photos and videos it plans to introduce at trial[1], but if no agreement regarding this evidence can be reached, the government seeks a pretrial ruling from the Court finding that the categories of photo and video evidence detailed herein may be properly authenticated and admitted using the methods outlined below, assuming sufficient foundation is laid at trial regarding authenticity.   Except for video evidence from the Senate Recording Studio, which is self-authenticating under Federal Rule of Evidence 902, the government does not, in this motion, seek a ruling that any particular exhibits are authentic or admissible.

## BACKGROUND

The riot at, and attack on, the United States Capitol building was an event of unparalleled size and scope. Much of the event was recorded on video: on surveillance footage captured by the

---

[1] As explained in further detail below, the referenced video and photos are non-exhaustive. Due to the overall scope of January 6th investigations, new open-source material containing Defendant may be located up and through trial. The government therefore offers this non-exclusive list of bases for authentication should the government be unable to enter stipulations with Defendant in advance of trial.

U.S. Capitol Police ("USCP") cameras; on Metropolitan Police Department ("MPD") body-worn cameras (BWC); and on phones and cameras carried by those within the crowd that engulfed the Capitol. The government's case will rely on such evidence to explain the Defendant's specific conduct, to contextualize this conduct through other contemporaneous events, and to give the jury a sense of the riot as a whole. This memorandum outlines the types of exhibits the government plans to use and seeks a pretrial ruling on the methods of authentication outlined below.

"As a general rule, tangible evidence such as photographs must be properly identified or authenticated before being admitted into evidence at trial." *United States v. Blackwell*, 694 F.2d 1325, 1329 (D.C. Cir. 1982) (citations omitted). Under Federal Rule of Evidence 901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 901(b) provides a non-exhaustive list of examples of evidence that satisfies this requirement. As relevant here, those examples include:

> (1) *Testimony of a Witness with Knowledge*. Testimony that an item is what it is claimed to be.
> . . .
> (3) *Comparison by an Expert Witness or the Trier of Fact*. A comparison with an authenticated specimen by an expert witness or the trier of fact.
>
> (4) *Distinctive Characteristics and the Like*. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.
> . . .
> (9) *Evidence About a Process or System*. Evidence describing a process or system and showing that it produces an accurate result.

Fed. R. Evid. 901(b)(1), (3), (4), (9).

As a general matter, establishing an item's authenticity is not "a particularly high hurdle." *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992). *See also United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009) ("The burden to authenticate under Rule 901 is not high"); *Link v.*

*Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 927 (3d Cir. 1986) ("The burden of proof for authentication is slight."); *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) ("The threshold for the Court's determination of authenticity is not high, . . . and the proponent's burden of proof for authentication is slight[.]") (citation and quotation marks omitted). Rule 901 "requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence." *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997) (citing cases). *See also, e.g.*, *United States v. Belfast*, 611 F.3d 783, 819 (11th Cir. 2010) ("[A]uthentication itself is 'merely . . . the process of presenting sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be.'") (quoting *United States v. Caldwell*, 776 F.2d 989, 1002 (11th Cir. 1985)); *Vidacek*, 553 F.3d at 349 ("only a *prima facie* showing is required"). Stated differently, "[t]he standard the district court must apply in evaluating a document's authenticity is whether there is enough support in the record to warrant a reasonable person in determining that the evidence is what it purports to be." *United States v. Blanchard*, 867 F.3d 1, 6 (1st Cir. 2017) (quoting *United States v. Paulino*, 13 F.3d 20, 23 (1st Cir. 1994)). Once that showing is made, "[t]he factual determination of whether evidence is that which the proponent claims is ultimately reserved for the jury." *Vidacek*, 553 F.3d at 349. *See also, e.g.*, *Belfast*, 611 F.3d at 819 ("Once that *prima facie* case is established, the evidence is admitted, and the ultimate question of authenticity is decided by the jury.").

To make out a *prima facie* showing of authenticity, "circumstantial evidence of authenticity can be sufficient." *United States v. Bruner*, 657 F.2d 1278, 1284 (D.C. Cir. 1981). *See, e.g.*, *United States v. Broomfield*, 591 F. App'x 847, 851 (11th Cir. 2014) (unpublished) ("Authentication may be established 'solely through the use of circumstantial evidence.'") (quoting *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990)). The party seeking to admit evidence also need not

"rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994). Rather, "the government must only 'demonstrate that, as a matter of reasonable probability, possibilities of misidentification and adulteration have been eliminated.'" *United States v. Celis*, 608 F.3d 818, 842 (D.C. Cir. 2010) (quoting *United States v. Stewart*, 104 F.3d 1377, 1383 (D.C. Cir. 1997)). *See, e.g.*, *United States v. Bowens*, 938 F.3d 790, 794-95 (6th Cir. 2019) (explaining that "[a]nyone could have used the defendants' Facebook accounts, just as the pictures could have depicted the men smoking tobacco cigars, and 'getting high' could have been a reference to skydiving," but that there was sufficient circumstantial evidence "for the jury to infer that the accounts belonged to the defendants, and that the defendants were the authors of the posts about using marijuana"); *Broomfield*, 591 F. App'x at 852 (finding sufficient evidence of authenticity even though "there was no testimony establishing that the recording equipment was reliable or that the video was not altered or staged").

In deciding preliminary questions about the admissibility of these videos, "[t]he court is not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a). In other words, the government may rely upon otherwise inadmissible evidence in establishing the authenticity of the video evidence described in this motion. *See, e.g.*, *United States v. White*, 116 F.3d 903, 914 (D.C. Cir. 1997). Of course, even with a pretrial ruling that evidence is authentic, and thus admissible, the government must introduce sufficient evidence at trial from which a reasonable juror could reach the same conclusion regarding authenticity. *See, e.g.*, *United States v. Gammal*, 831 F. App'x 539, 542 n.6 (2d Cir. 2020) (unpublished) ("Insofar as the District Court relied on non-public information to make its preliminary determination, it did not err because it did not do so in lieu of the presentation of sufficient authenticating public evidence later at trial."); *United States v.*

*Puttick*, 288 F. App'x 242, 246 (6th Cir. 2008) (unpublished) ("It is permissible for the judge to make a preliminary determination as to authentication, admit the evidence conditionally under Rule 104(b), and then allow the jurors to be the final arbiters of whether it was actually authenticated.").

## ANALYSIS

The government's evidence will show that all videos described herein fairly and accurately depict events at the Capitol. While the government anticipates that the authentication and admission of footage from MPD, USCP, and the Defendant herself will not be controversial, we discuss the evidentiary basis for each below. The bulk of the government's argument thus focuses on authentication of videos taken by other attendees, the distinctive events, and characteristics visible in those videos, and corroboration from other pieces of evidence. The videos presented in this motion are intended to be examples, not a comprehensive set of the videos or images the government plans to introduce at trial in any particular category. Except for video evidence from the Senate Recording Studio, which is self-authenticating under Federal Rule of Evidence 902, the government seeks a ruling only that the following methods of authentication are permissible methods of authentication that the government may rely upon at trial; the ultimate determination of authenticity of any particular exhibit is a question for the jury after the admission of evidence at trial, as discussed below.

### 1. U.S. Capitol Police Video Footage

Admission of footage from USCP's own systems is straightforward. If no stipulation with Defendant is reached, then the government will present a USCP witness to testify to their surveillance system. This witness will be able to explain how the system is used, that it reliably records and depicts the areas where USCP has installed cameras, and the internal characteristics of videos—such as date and time stamps—which allow USCP to identify and retrieve segments

of video. Such evidence satisfies the requirement of Fed. R. Evid. 901(b)(4), which allows authentication by way of "the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." It also accords with the requirements of Rule 901(b)(9), which allows authentication by "[e]vidence describing a process or system and showing that it produces an accurate result."

The government may additionally elect to call a USCP witness who was present during the attack on the Capitol to explain that the videos used by the government here are consistent with the events that occurred, generally, on January 6, 2021.  If so, that would serve to authenticate the footage based on the officer's personal knowledge. Fed. R. 901(b)(1) (allowing authentication by "[t]estimony that an item is what it is claimed to be"). This is standard authentication for any photograph or video. *See*, *e.g.*, *United States v. Patterson*, 277 F.3d 709, 713 (4th Cir. 2002) ("The necessary foundation for the introduction of a photograph is most commonly established through eyewitness testimony that the picture accurately depicts the scene in question[.]"); *United States v. Rembert*, 863 F.2d 1029, 1026 (D.C. Cir. 1988) (noting one method of authentication occurs where "a sponsoring witness (whether or not he is the photographer) who has personal knowledge of the scene depicted testifies that the photograph fairly and accurately portrays that scene").

## 2. Body-Worn Camera Footage from the Metropolitan Police Department

Defendant is seen confronting MPD officers, equipped with body-worn cameras, in numerous locations, including the old Senate Chamber Hallway and the Rotunda. The admissibility of footage from body-worn cameras, worn by MPD officers on January 6, 2021, is likewise clear. Either the officer who wore the camera, or any other witness to the events depicted in the video, can authenticate the video based on their personal knowledge that the video fairly and accurately depicts the events that occurred pursuant to Rule 901(b)(1) as detailed above.

### 3.  Senate Recording Studio Video of Electoral College Certification Process

The government also intends to introduce video evidence of the Joint Session of Congress that assembled on January 6, 2021, to declare the winner of the 2020 presidential election by reviewing and certifying the Electoral College ballots. Specifically, the United States Senate has an affiliated entity called the Senate Recording Studio that contemporaneously records Senate proceedings and distributes those recordings to the public. The Recording Studio is comprised of Senate TV, Hearing Rooms, and a Studio function. Senate TV is comprised of eight cameras which record activity occurring on the Senate floor. This footage is also broadcast through the Cable-Satellite Public Affairs Network (CSPAN). The Senate Studio can also capture contemporaneous footage of the House of Representative proceedings, used for broadcast, when there are joint sessions of Congress.

The Senate Recording Studio recorded the proceedings relating to the Electoral College Certification on January 6, 2021, up to the point when the rioters breached the Capitol Building itself and the Senate was forced into recess. After the rioters were cleared from the Capitol building, the Senate Recording Studio continued recording the Electoral College Certification process once the joint session resumed. The Senate Recording Studio also recorded rioters who were present on the Senate floor during the recess. *See* https://www.senate.gov/floor/, last accessed Nov. 7, 2022:



The Senate Recording Studio recorded at least three events relevant to this trial: Vice President Michael Pence gaveling the session to order and reading from Senate Congressional Resolution 1 and 3 U.S.C. § 17 in conjunction with the official proceeding of the Electoral College Certification; the Senate being gaveled into recess, and resulting evacuation of the Senate Floor Chamber, after rioters breached the building; and the Joint Session of Congress reconvening to finish the Electoral College Certification hours later, after the rioters were cleared from the U.S. Capitol. Screen captures of those events are shown below:

Electoral College certification proceedings:

 

Senate Floor when rioters breach the Capitol Building:




Joint Session when Congress reconvenes:



***Self-Authentication under Rule 902***

The Congressional videos from the Senate Recording Studio are self-authenticating and should be admitted on that basis. Federal Rule of Evidence 902 governs the authentication of evidence that is "self-authenticating."  Rule 902 provides, in part, that:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
>  . . .
>
> (11) Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that

complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them. . . .

(13) Certified Records Generated by an Electronic Process or System. A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902. Pursuant to Rule 902, the government hereby gives notice of its intent to offer

the records and submits that the videos are self-authenticating under Rule 902(11) and (13). *See*

Certification of Diego Torres, attached as Exhibit 1.

The video footage is also self-authenticating under Federal Rule of Evidence 902(5).

Federal Rule of Evidence 902(5) provides, in part, that:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

. . .

(5) Official Publications. A book, pamphlet, or other publication purporting to be issued by a public authority

Fed. R. Evid 902. The video feed from which the clips are taken are available on the Senate.gov

website. *See* https://www.senate.gov/floor/, last accessed Nov. 7, 2022. Moreover, the certification

of Diego Torres from the Senate Recording Studio establishes the video as an official publication.

It is well established that materials found on a government public website are self-authenticating

under Federal Rule of Evidence 902(5). *See Williams v. Long*, 585 F. Supp. 2d 679 (D. Md. 2008).

*See also Singletary v. Howard Univ.*, No. 1:17-cv-01198, 2018 U.S. Dist. LEXIS 164945, 2018

WL 4623569 (D.D.C., Sept. 26, 2018), *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486 (S.D.N.Y. 2017) (Congressional transcripts self-authenticating under Rule 902(5)).[2]

### 4.  Photo and Video from Others Present at the Capitol

Finally, the government also intends to introduce photos and videos taken by others present in and around the Capitol that day. This includes open-source video from journalists and rioters, including those charged in separate criminal cases for their conduct at the Capitol on January 6, 2021.

The government anticipates authenticating these videos in multiple ways. First, any witness with knowledge of the events depicted in a photograph or video can authenticate the evidence, including but not limited to the person who took the photograph or video. *See* Fed. R. Evid. 901(b)(1). Here, that includes any person who was present for the events depicted in the photograph or video and has a recollection sufficient for them to recognize the scene depicted and testify that they appear to fairly and accurately show the events that took place. *See, e.g., Am. Wrecking Corp. v. Sec'y of Lab.*, 351 F.3d 1254, 1262 (D.C. Cir. 2003); *see also United States v. Rembert*, 863 F.2d 1023, 1026 (D.C. Cir. 1988) (citing, *e.g., Simms v. Dixon*, 291 A.2d 184 (D.C. 1972); E. Cleary, McCormick on Evidence (3d ed. 1984) at 671).

Even a person who was not present for a specific event can circumstantially establish the authenticity of a photograph or video depicting that event.  As explained, the bar for establishing authenticity sufficient to admit evidence to the jury is very low: only a *prima facie* showing that the evidence is what the government purports it to be—namely, photographs and videos of the Capitol siege in progress. For that reason, even a witness who was not present during the events

---

[2]  The government may also offer similar evidence from the House Recording Studio. *See* Certification of Douglas Massengale, attached as Exhibit 2. The government submits that the same principles would support the authentication of any such evidence.

depicted can help authenticate an exhibit if they can (1) identify the location(s) depicted in the photograph or video; and (2) establish that the video is generally consistent with their knowledge of events that occurred at that location during the Capitol riot. *See, e.g., Rembert*, 863 F. 2d at 1028 ("Even if direct testimony as to foundation matters is absent . . . the contents of a photograph itself, together with such other circumstantial or indirect evidence as bears upon the issue, may serve to explain and authenticate a photograph sufficiently to justify its admission into evidence." (*quoting United Stearns*, 550 F.2d at 1171)); *Holmquist*, 36 F.3d at 169 ("A photograph's contents, buttressed by indirect or circumstantial evidence, can form a sufficient basis for authentication even without the testimony of the photographer or some other person who was present at the time it was taken."); *Cf. Safavian*, 435 F. Supp. 2d at 36 (authenticating emails based on "distinctive characteristics" and citing Fed. R. Evid. 901(b)(4)); *Klayman v. Judicial Watch*, 299 F. Supp. 3d 141 (D.D.C. 2018) (admitting emails and advertisements by comparing later versions with admitted versions).

Second, authenticated video or photographs can in turn authenticate other, substantially similar videos or photographs of the same scene. *See* Fed. R. Evid. 901(b)(3) (authentication by comparison with another authenticated specimen); *see. e.g., Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th at 1371; *Stearns*, 550 F.2d at 1171-72 (where circumstantial evidence established one photograph's authenticity, it "authenticates the other four pictures as to time"); *Diaz v. County of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) ("Here, the videos can be authenticated through other evidence on the record—namely, other video and photographic evidence of the incident that Green provides."); *United States v. Safavian*, 435 F. Supp. 2d 36, 40 (D.D.C. 2006) ("e-mails that are not clearly identifiable on their own can be authenticated under Rule 901(b)(3)," by the jury's comparison with other "emails that already have been independently authenticated").

12

In another January 6 trial in this district, the court found similar "open-source" evidence to be authentic by comparison under Rule 901(b)(3). *United States v. Rodean*, 1:21-cr-57-TNM, Dkt. 50 (D.D.C. Apr. 20, 2022). In *Rodean*, the court compared screenshots of video from a known source (USCP security footage), which showed the Senate Wing Doors from the inside facing out, with screenshots of video footage taken by an unspecified rioter showing the Senate Wing Doors from the outside looking in. *Id.* at 2. The court noted similar objects depicted in both sets of screenshots: doors of a building flanked by windows, a crowd of rioters near the windows, and a wooden beam sticking through a shattered window. *Id.* The court found these similarities sufficient and granted the government's pretrial motion to find the video taken by the unspecified rioter to be authentic. *Id.* at 6.

Indeed, multiple video and photographic exhibits can provide circumstantial evidence of each other's authenticity, even if none of them is independently authenticated. If testimony were to establish, for example, that multiple open-source videos each showed the same events from different angles, and were obtained from separate sources, it would be highly unlikely that multiple different sources could have created videos or photographs depicting the same event from different angles, with the same distortion or inaccuracy repeated in each of the videos or photographs from a different angle.

Below, the government provides an overview of some types of evidence it will offer. As noted above, the referenced video and photos are non-exhaustive. Due to the overall scope of January 6th investigations, new open-source material containing Defendant may be located up and through trial. The government offers this non-exclusive list of bases for authentication should the government be unable to enter stipulations with Defendant in advance of trial.

### *Video and Photographic Evidence of Approach to the Capitol*

To show Defendant's path to the Capitol on Jan. 6, 2021, actions, as well as her state of mind that day, the government plans to introduce, among other video evidence from third parties, including a clip from a YouTube video entitled 'On-Location Reporting-All Combined Clips Outside the Capitol Building 1:00PM to 4:00PM"[3] and a photograph from Bruce Guthrie Photos[4]. Both show Defendant, carrying a red hat while wearing a brown jacket, black plants, and boots, marching from the ellipse to the Capitol. Below are still from each respective source:



---

[3] Available here (last visited Dec. 15, 2022): https://www.youtube.com/watch?v=GpABNox45BQ&t=130s.
[4] Available here (last visited Dec. 15, 2022):
http://www.bguthriephotos.com/Graphlib/GraphData21.nsf/Images/2021_DC_Losers_March_210106_0640/$File/L2021E_210106_208.JPG

14



***Carpenter and Police Lines on the West Terrace***

Before entering the Capitol via the Upper West Terrace doors, Defendant Carpenter is captured, on the below video, raising a tambourine over her head in front of a line of officers. Just before coming into frame, Defendant Carpenter can be heard shaking the tambourine as the recorder films a smoke-filled police line, screaming "Come on! We need more people!"[5]

---

[5] Available here (last visited Dec. 15, 2022): https://propublica-data-j6cases-videos.s3.us-east-1.amazonaws.com/3dd546101eed013a64612cde48001122.mp4.



A Facebook user captured Defendant Carpenter is captured from an additional angle as well. Defendant is seen wearing the same clothes, and now hat, as seen in the open-source media from the walk to the Capitol from the ellipse.[6]



Due to the similarities in clothing, the photos and videos establishing a timeline of Defendant's actions before entering the Capitol, can be authenticated by comparison, pursuant to

---

[6] Available here (last visited Dec. 15, 2022): https://www.facebook.com/photo?fbid=3688360401211174.

F.R.E. 901(b)(3). *See Diaz v. County of Ventura*, 512 F. Supp. 3d at 1030 (authenticating photographic evidence through comparison to photographic evidence in record).

### *Carpenter Faces Police Lines Inside the Capitol*

At approximately 2:44PM, Defendant Carpenter gained access to the Capitol building via the Upper West Terrace doors. Once inside, Defendant Carpenter eventually makes her way to the to varying part of the Old Senate Chamber where she encounters different police lines. In addition to being captured on BWC[7] Defendant Carpenter is captured confronting these lines, in video published on differing platforms.[8]



---

[7] This BWC video has previously been authenticated and admitted in another criminal prosecution in this district relating to theJan. 6 Capitol breach. *E.g. United States v. Stewart Rhodes et al*, 1:22-cr-15 D.D.C.)
[8] Available here (last visited Dec. 15, 2022):
https://ia804507.us.archive.org/31/items/Nn7wRWxojZ2m5wuCP/RAW_FOOTAGE_Wild_Protest_.mpeg4 and https://www.newsflare.com/video/402653/mob-incited-by-trump-storms-interior-of-capitol-including-offices-of-mcconnell-and-pelosi-in-terrifying-act respectively.





Based on similarities in clothing, and location[9], videos and photographs may be properly authenticated by comparison under Rule 901(b)(3) and through the Defendant's unique characteristics under Rule 901(b)(4). *United States v. Chandler*, 5 F. App'x 839, 847 (10th Cir. 2001) (unpublished) ("Authentication under Rule 901(b)(4) is proper if the appearance, contents, distinctive characteristics, and circumstances of discovery of the CCA Photograph support a finding that the matter in question is what its proponent claims.").

### *Carpenter in the Rotunda*

Defendant Carpenter also spent time in the Rotunda which was captured by open-source media and corroborated by as shown on CCTV and BWC. Carpenter is once again face-face with a police line.[10]



---

[9] Other sources of open-source media from this location are available here (late visited Dec. 19, 2022): https://www.alamy.com/washington-united-states-06th-jan-2021-protestors-storm-the-capitol-building-during-a-joint-session-of-congress-in-washington-dc-on-wednesday-january-6-2021-the-joint-session-of-the-house-and-senate-was-sent-to-recess-after-the-breach-as-it-convened-to-confirm-the-electoral-college-votes-cast-in-novembers-election-photo-by-chris-kleponissipa-usa-credit-sipa-usaalamy-live-news-image396803458.html and https://archive.org/details/9BSRsE3gikwynb2sh.

[10] Available here (last visited Dec. 19, 2022):  https://archive.reduxpictures.com/id/19.00273718

MPD is seen forcibly attempting to remove rioters from the building, including Defendant Carpenter, in the below video that was authenticated in *United States v. Nicholas DeCarlo*, 1:21-cr-73 (D.D.C).[11]



Again, based on similarities in clothing, and location, videos and photographs may be properly authenticated by comparison under Rule 901(b)(3) and through the Defendant's unique characteristics under Rule 901(b)(4).

### *Carpenter Exits and Demands Congress Certify Trump as President*

---

[11] Available here (last visited Dec. 19, 2022): https://archive.org/details/dNja7HbNLHztWGcbo. Similar video also available through other sources. E.g. https://www.youtube.com/watch?v=jBRJmnvFfo8 at 15:01; https://archive.org/details/CToL9RFDxQAEbE8WP at 15:41; and BWC.

Defendant is captured on CCTV and in open-source media exiting the Capitol via the East Memorial doors.[12] News2Share captured Defendant raising her arms above her head triumphantly as she left the Capitol building, as seen below.[13]



While on the East portico, Defendant told FreedomNewsTV, "The breach was made, and it needs to calm down now. Congress needs to come out, and they need to certify Trump as President. This is our house…We did it, we breached the door."[14] Defendant is recognizable due to the clothing, facial features, voice, and tambourine. Therefore, the FreedomNewsTV video will also be authenticated under 901.

---

[12] Available here (last visited Dec. 19, 2022): https://www.gettyimages.com/detail/video/donald-trump-supporters-storm-the-united-states-capitol-news-footage/1295317197 at :57;
https://ia802303.us.archive.org/7/items/BzjRFNhKvjPnc9zsR/Stephen_Ignoramus_YouTube.mpeg4 at 4:44:18; https://www.youtube.com/watch?v=jBRJmnvFfo8&t=1253s at 20:53; and
https://ia802306.us.archive.org/9/items/GyRp6GJwLM7bB5y3A/10000000_206249477808940_.mpeg4 at :36.
[13] Available here (last visited Dec. 19, 2022): https://archive.org/details/ivcfaFaxRYaergMgB at :11.
[14] Available here (last visited Dec. 19, 2022): https://www.youtube.com/watch?v=jBRJmnvFfo8&t=4758s at 1:19:18.



## CONCLUSION

For the reasons stated herein, the government respectfully requests that this Court rule *in limine* that the Senate Recording Studio evidence outlined in Section 3 is authentic and admissible pursuant to Federal Rule of Evidence 902. For all other categories of evidence described herein, the government respectfully requests that this Court rule *in limine* that this evidence may be properly authenticated and admitted using the methods outlined herein, assuming sufficient foundation is laid at trial regarding authenticity.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Rebekah E. Lederer*
        REBEKAH E. LEDERER
        Assistant United States Attorney
        Bar No. PA 320922
        601 D Street, N.W.
        Washington, D.C. 20001
        (202) 252-7012
        Rebekah.Lederer@usdoj.gov

        CHRISTOPHER M. COOK
        Assistant United States Attorney-Detailee
        Bar No. KS 23860
        601 D Street, N.W.
        Washington, D.C. 20001
        (412)327-3487
        Christopher.cook5@usdoj.gov