UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CR. NO. 21-cr-305 (JEB) |
| | : | |
| SARA CARPENTER, | : | |
| | : | |
| Defendant. | : | |

**MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

Defendant Sara Carpenter is a former New York City Police Officer. The government anticipates that at trial, the defendant will attempt to introduce accolades, awards, medals, commendations, certificates, letters, performance reviews, or other records from her service as a Police Officer. The Court should preclude the defendant from offering evidence of specific instances of her prior good conduct, including that derived from her career in law enforcement, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

**I.      The Defendant's Participation in the January 6, 2021 Riot and the Pending Charges**

On January 6, 2021, the defendant, who had traveled from her home in New York, attended former President Trump's "Stop the Steal" rally at the Ellipse in Washington, D.C. There, she heard former President Trump tell others to go to the Capitol. Carpenter went to the Capitol, carrying a tambourine, and approached the building from the West side, where she saw police officers trying to prevent rioters from entering the building. Carpenter made her way through the crowd, and past police officers to the Upper West Terrace doors and entered the building at approximately 2:40 p.m.

Once inside the building, Carpenter eventually made her way into the Senate Rotunda, and then to the Old Senate Chamber, where she confronted D.C. Metropolitan Police officers. At the Old Senate Chamber, Carpenter can be seen on multiple videos, including body-worn camera, shouting profanities at the Metropolitan Police, trying to negotiate her intrusion further into the Capitol building where lawmakers and others were hiding in secure locations away from the rioters.

Carpenter can also be seen on camera slapping the hands away of law enforcement officers who were trying to hold her back from further intruding into the Capitol. Despite being told to leave, and despite enduring the effects of chemical irritants and other methods that police used to try to keep Carpenter and other rioters at bay, Carpenter remained in the hallway at the Old Senate Chamber for several minutes. A screenshot from body worn camera is included below:



Among other things, Carpenter can be heard yelling, "This is my house!" in this video. Several minutes after this point in the video, the officers spray rioters with repellent. Carpenter eventually retreated back to the Rotunda, where she encountered additional law enforcement

officers pushing her and other rioters out of the building. Carpenter eventually left the Capitol through the east Rotunda Doors at approximately 3:18 p.m, having spent nearly forty minutes inside.

Carpenter remained on Capitol grounds after she was forced out of the building. Additional open-source video revealed Carpenter, explaining to another individual outside of the Capitol near the East Rotunda doors, her purpose for being at the Capitol that day. Carpenter explained: "The breach was made. It needs to calm down now. Congress needs to come out. They need to certify Trump as president. This is our house."

For this conduct, the defendant has been charged with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), and 2; Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), and 2; Entering and Remaining in a Restricted Building and Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

## II. The Limited Admissibility of Character Evidence

Rule 404(a) of the Federal Rules of Evidence prohibits either party from offering evidence of character to prove that a person acted in conformity therewith on any particular occasion. The rule applies to prior good acts as well as prior bad acts of the defendant. As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014). In other words, "evidence

of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008)(internal citation omitted).

The Rule contains three exceptions, one of which governs the admissibility of evidence of a defendant's character. Fed. R. Evid. 404(a)(2)(A). Such evidence is admissible only if it relates to a "pertinent" or relevant character trait. *Id.* Consistent with Rule 405, "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct," Fed. R. Evid. 405(b), but this exception does not apply in this case, as no charges against Carpenter include such an element.

This Court has authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, as well as any and all references by parties, attorneys, and witnesses to the inadmissible evidence. *Luce v. United States*, 469 U.S. 38 (1984).

### III. The Court Should Preclude the Introduction of Character Evidence Relating to the Defendant's Former Public Service.

This Court should exclude character evidence if offered by the defendant to prove her general good character, including that derived from her prior public service – such as attention to duty, commitment to public service, professionalism, or dedication. Such evidence is not admissible because it is not pertinent to an essential element of the charges pending against her. *See, e.g.*, *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking was neither pertinent to, nor an essential element of, bribery, conspiracy, or drug and firearms charges with which he

4

was charged); *United States v. United States v. Irving*, 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding evidence of Detective's professional awards because the awards do not reflect pertinent character traits and the criminal allegations were plainly unrelated to the Detective's professional competence and integrity).

Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses. *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003). However, even if evidence of the defendant's prior good acts was indicative of a general law-abidingness, the form of that evidence would be governed by Rule 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Proof of specific instances of conduct is not permitted under the Rule, unless the trait or character of a person is an essential element of the charge, claim, or defense—which, in this case, it is not. *See United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997). Indeed, there is no character trait derived from the defendant's prior public service that is an essential element of a charge, claim, or defense in this case. None of the elements of the offenses with which the defendant has been charged relate to her previous career as a police officer or character traits aligned with that service. Moreover, any such specific acts from her service as a police officer (which believed to have concluded in and around 2004) is not sufficiently related or proximate in time to the crime charged to be relevant under Rule 403. *See United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) ("Evidence of prior acts, whether offered under Rule 404(b) or 405(b) by the prosecution or by the defense, must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403."). Finally, any such evidence from her record as a New York City Police Officer, including, for example, letters of commendation, would be hearsay. *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming the district court's refusal to admit evidence of the

defendant's awards and commendations from his military service and police service because "the traits they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the crimes of which [the defendant] stood accused" and because "the evidence, as presented below, seems to us classic hearsay, and inadmissible for that reason as well").  Thus, evidence of the defendant's specific good acts is inadmissible.

In a recent January 6 case in the District of Columbia, Judge Mehta granted a *Motion in Limine* filed by the United States prohibiting defendant Thomas Webster, who was a decorated NYPD officer, from introducing improper character evidence, including character evidence pertaining to his service as a police officer.  *See United States v. Thomas Webster*, 21-cr-208 (APM) ECF No. 75.

Accordingly, this Court should preclude the defendant form offering character evidence in the form of specific acts, or general reputation or opinion evidence beyond the scope of general law-abidingness, including that relating to her prior career in law enforcement.

**WHEREFORE**, the government respectfully provides Notice of the above information and moves to preclude the admission of such information at a hearing or trial.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney

By:    */s/ Christopher M. Cook*
        CHRISTOPHER M. COOK
        Assistant United States Attorney, Detailee
        United States Attorney's Office
        District of Columbia
        KS Bar No. 23860
        601 D Street, NW
        Washington, D.C. 20001
        (412) 327-3487
        Christopher.cook5@usdoj.gov

                                                    <u>*/s/ Rebekah E. Lederer*</u>
                                                    REBEKAH E. LEDERER
                                                    Assistant United States Attorney
                                                    Bar No. PA 320922
                                                    601 D Street, N.W.
                                                    Washington, D.C. 20001
                                                    (202) 252-7012
                                                    Rebekah.Lederer@usdoj.gov