UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>    v.                                          )<br> )<br>SARA CARPENTER,                    )<br> )<br>        Defendant                         )<br>_____) | No. 21-cr-305 (JEB) |

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING
AUTHENTICATION OF PHOTO AND VIDEO EVIDENCE**

The government has moved pursuant to the Federal Rules of Evidence 104, 901, and 902 for a pretrial ruling from the Court that certain categories of photo and video evidence may be authenticated and admitted into evidence using a variety of methods should the parties fail to reach stipulations in advance of trial. *See* Gov't Mot., ECF No. 54 at 1. While the government asserts it has "provided the Defendant with photos and videos it plans to introduce at trial," it acknowledges that based on its continued investigation it may seek to introduce additional video and photographic evidence not previously disclosed or identified to the defendant. *Id*. As an initial matter, as of the date of this submission, the defendant has not received an exhibit list, or any proposed stipulations from the government pertaining to the evidence which is the subject of its motion.

The defendant does not anticipate that she will object to the authenticity of the images depicted in the photographic or video evidence described in the government's motion and believes the parties may well be able to reach a

1

stipulation regarding the admissibility of much of the photo and video evidence. Further, the defendant agrees that the authenticity of photo or video evidence may be established using the methods outlined in the government's motion.[1] *See* Gov't Mot. ECF No. 54.

Nonetheless, as the government concedes, absent a stipulation a pre-trial ruling does not alleviate the need for the government to lay a proper foundation before the jury at trial. Thus, the defendant reserves the right to object to the admission of evidence should the government fail to lay the proper foundation.

Further, while in agreement regarding the methodology the government may use to establish the authenticity of photo and video evidence, the defendant is not conceding the admissibility of the photo and video evidence under either Federal Rule of Evidence 401 or 403. As the government is not seeking a ruling regarding the admissibility of any particular exhibits, the defendant is not including specific objections to each and every potential photo or video the government may seek to admit.

Preliminarily, however, the defendant submits that photos or videos not purporting to depict Ms. Carpenter or events at the Capitol for which she was present or demonstrably aware of at the time of her alleged conduct would likely not meet the threshold for relevancy under Rule 401. Furthermore, even if the Court were to determine such evidence was admissible under Rule 401, photos and videos

---

[1] The defendant agrees that the video evidence from the Senate Recording Studio is self-authenticating under Federal Rule of Evidence 902.

of destructive or violent acts committed by others present at the Capitol on January 6, 2021, of which Ms. Carpenter does stand accused, are arguably more prejudicial than probative and thus inadmissible under Rule 403.

      Additionally, even were the Court to determine that video images are relevant and admissible under both Rule 401 and 403, the accompanying audio is only relevant and admissible if the government could establish that Ms. Carpenter was sufficiently close to the speaker that she would have been able to hear what was being said. For example, the government has indicated it will seek to introduce a video it describes as capturing Ms. Carpenter before entering the Capitol via the Upper West Terrace doors, "raising a tambourine over her head in front of a line of officers." *See* Gov't Mot., ECF No. 54 at 15. The government argues that "[j]ust before coming into frame, Defendant Carpenter can be heard shaking the tambourine as the recorder films a smoke-filled police line, screaming 'Come on! We need more people!'" *See Id.*[2]  The only images of Ms. Carpenter in the video demonstrate that she is walking a substantial distance away from the recorder of the video and there is no indication given the other surrounding noise that she would have been able to hear the recorder state, "Come on! We need more people." *Id.*

---

[2] *citing* https://propublica-data-j6cases-videos.s3.us-east1.amazonaws.com/3dd546101eed013a64612cde48001122.mp4. (last visited Jan. 20, 2023.)

Thus, the statements of the recorder of the video do not have a tendency to make any fact of consequence in determining the action more or less probable and are therefore inadmissible under Rule 401. Moreover, any slight probative value would be "substantially outweighed" by the danger of "unfair prejudice" and should be excluded pursuant to Rule 403.

Finally, should the government seek to introduce as single exhibits compilation videos filmed by "others present at the Capitol" including what it has described as "open-source video", these videos appear to have been filmed by multiple recorders, from varying viewpoints and varying times. *See* Gov't Mot., ECF. No. 54 at 11; n.3, 5, 8, 9, 11-14. The defendant reserves the right to object to the admission of such exhibits as there is a danger they would serve to confuse and mislead the jury regarding the course of events as they unfolded.

## Conclusion

For the foregoing reasons, the defendant does not object to the Court issuing a preliminary ruling regarding the appropriate methods the government may use in attempting to authenticate photo and video evidence absent a stipulation between the parties. The defendant requests, however, that the Court order the government to identify with particularity the specific photo and video exhibits it is seeking to introduce on or before the pre-trial conference scheduled on February 10, 2023 so that the defendant has sufficient opportunity to review the exhibits and the Court has sufficient opportunity to rule on any objections in advance of trial.

4

Respectfully submitted,

By:     /s/ *Michelle A. Gelernt*
Michelle A. Gelernt
Deputy Attorney-in-Charge
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1204
Email: michelle_gelernt@fd.org

Kannan Sundaram
Assistant Federal Defender
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1203
Email: kannan_sundaram@fd.org