## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-305 (JEB)** |
| | ) | |
| **SARA CARPENTER,** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

Defendant, Sara Carpenter, through her counsel, files this opposition to the Government's Motion in Limine to Exclude Improper Character Evidence. *See* Gov't Mot. at 1, ECF No. 55. The government seeks to preclude Ms. Carpenter, a former member of the New York City Police Department ("NYPD"), from offering into evidence "accolades, awards, medals, commendations, certificates, letters, performance reviews, or other records from her service as a Police Officer," arguing that such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a). *Id*. Ms. Carpenter is 53-year-old woman with no prior criminal record who was employed by the NYPD for approximately 12 years.

Federal Rule of Evidence 404(a)(2)(A) provides a specific exception for a defendant in a criminal case, stating that "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Federal Rule of Evidence 405 controls the form that this evidence may take, providing that "[ w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion," and that when "a person's

1

character or character trait is an essential element of a charge, claim, or defense"
it "may also be proved by relevant specific instances of the person's conduct."

Preliminarily, the defendant has not identified specific instances of good
character she intends to introduce through "accolades, awards, medals,
commendations, certificates, letters, performance reviews, or other records" Ms.
Carpenter received during her career with the NYPD. But while Rule 404(b)
places a notice requirement on the government if it intends to offer evidence of
other crimes, wrongs, or bad acts, Rule 404(2)(A) and 405(b) place no such
requirement on a defendant seeking to introduce specific incidents of conduct.
*Compare* Fed. R. Evid. 403(b) with Fed. R. Evid. 404(2)(A) and Rule 405(b). Thus,
the government should not be granted a preview of the defendant's case by
seeking a ruling on evidence it "anticipates" the defendant may introduce.

As the government states, it has charged Ms. Carpenter with the crimes of
Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), and 2; Obstruction of an
Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), and 2; Entering and
Remaining in a Restricted Building and Grounds, in violation of 18 U.S.C. §
1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or
Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol
Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Impeding Passage Through the
Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); Parading,
Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. §
5104(e)(2)(G). *See* Gov't Mot., ECF No 55 at 3.

Disruption of the peace is an essential element of a number of the aforementioned charges. "When a person's character or character trait is an essential element of a charge," Federal Rule of Evidence 405(b) explicitly allows that "the character or trait may also ʹbe proved by relevant specific instances of the person's conduct." The evidence in contention relates to Ms. Carpenter's character traits that rebut an "essential element" of the charges, and thus Federal Rule of Evidence 405(b) permits this character evidence to be "proved by relevant specific instances of the person's conduct." Therefore, should Ms. Carpenter elect to elicit specific examples of her record with the New York Police Department to demonstrate her character traits of non-violence and peacefulness, such evidence would be admissible pursuant to Rule 405(b).

Thus, as the defendant will seek only to introduce specific evidence of good character relevant to essential elements of the charges, the government's request to exclude such evidence if offered to prove "general good character" is of no moment and should be denied. *See United States v. Sutton*, 2022 WL 13940371, at *18 (D.D.C. Oct. 23, 2022) *citing* Fed. R. Evid 405(b). (Holding "specific instances" of defendants' "professional diligence" may be admissible trial to "defend against [] obstruction of justice charge, regardless of whether the defendants testify.")

Last, the Government argues that defendant's New York Police Department records are inadmissible because they constitute impermissible hearsay. The D.C. Circuit Court held in *United States v. Smith,* 521 F.2d 957, 962-64 (D.C. Cir. 1975) that they would "adopt the approach of [other] circuits" and

"[saw] no reason to exclude a police record made in the regular course of business"
because "a police record constitutes a business record" that is an exception to the
hearsay rule under 28 U.S.C. § 1732(a) and Federal Rule of Evidence 803(6).
Therefore, should the defendant seek to introduce New York Police Department
records of specific incidents demonstrating good character, they should not be
deemed inadmissible hearsay and should be permitted as character evidence at
trial.

Respectfully submitted,

By:      /s/ *Michelle A. Gelernt*
Michelle A. Gelernt
Deputy Attorney-in-
Charge
Federal Defenders of New
York Brooklyn, NY 11201
Telephone: (718) 330-1204
Email:
michelle_gelernt@fd.org

Kannan Sundaram
Assistant Federal
Defender
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1203
Email:
kannan_sundaram@fd.org