UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.              )<br>)<br>SARA CARPENTER,       )<br>)<br>Defendant      )<br>_____ ) | No. 21-cr-305 (JEB) |

### DEFENSE REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE AT TRIAL

Ms. Carpenter, through counsel, submits this reply in further support of her request to exclude a prejudicial and irrelevant compilation video and other such evidence depicting actions Ms. Carpenter was not present for, as well as unnecessary and prejudicial terms referring to Ms. Carpenter and others on January 6, 2021. The government, in its opposition (ECF No. 63), counters that (1) the actions of "other rioters at the Capitol, which is included in the government's compilation video", are relevant and (2) the Federal Rules of Evidence permits the government to use terms such as "rioters" here because they "accurately describe the events of January 6." ECF No. 63 at 5, 8.

The government is wrong on both counts. The acts of others that Ms. Carpenter did not participate in or know about have no relevance to whether she is guilty of any of the crimes she is charged with committing. Nor do such actions fairly characterize Ms. Carpenter's conduct or charges, making it especially improper for the government to employ such inflammatory language at her trial.

1

### The Government's Montage Exhibit and Other Footage Depicting Violent Events at Which Ms. Carpenter Was Not Present are Irrelevant and Highly Prejudicial

The government claims that the "actions of other rioters at multiple areas of the Capitol *could be* relevant to elements of" Counts One and Two. ECF No. 63 at 7 (emphasis added). With respect to Count One, Civil Disorder (18 U.S.C. § 231(a)(3)), the government asserts that evidence "of actions of other rioters at all locations of the Capitol building and grounds is relevant to prove that a civil disorder was occurring and that it interfered with a federally protected function." *Id.* As for Count Two, Obstruction of an Official Proceeding (18 U.S.C. § 1512(c)(2)), the government contends that "proving this charge requires presenting evidence involving the actions of other rioters at all locations of the Capitol building and grounds." *Id.*

Neither claim withstands scrutiny. Count One alleges that Ms. Carpenter committed or attempted to commit an act to obstruct, impede or interfere with a law enforcement officer lawfully engaged in the performance of his official duties incident to or during the commission of a civil disorder, which civil disorder obstructed, delayed or adversely affected the conduct and performance of a federally protected function. *See* ECF No. 20, Superseding Indictment. Count Two alleges that Ms. Carpenter corruptly obstructed or impeded an official proceeding, specifically Congress's certification of the Electoral College. *Id.*

The government accuses Ms. Carpenter of committing these offenses by

making her way through a crowd of rioters and past police officers and into the Capitol Building, confronting D.C. Metropolitan Police officers in the Old Senate Chamber and trying "to negotiate her intrusion further into the Capitol building where lawmakers and others were hiding in secure locations away from the rioters." *Id.* at 3.

Thus, it is the evidence of these actions – which the government describes as "Defendant Carpenter's Conduct on January 6, 2021" – that goes to the issue of whether Ms. Carpenter obstructed a law enforcement officer performing his official duties during a civil disorder that obstructed the performance of a federally protected function *Id.* at 7. That hundreds or thousands of others engaged in such conduct at other "locations of the Capitol building and grounds" (*id. at* 7), says nothing about Ms. Carpenter's culpability and is cumulative at best. Similarly, it is impossible to see how proving that *Ms. Carpenter* obstructed or impeded Congress's certification of the Electoral College "requires presenting evidence involving the actions of other rioters at all locations of the Capitol building and grounds."

Contrary to the government's hopes, the inclusion of "the alternative theory of aiding and abetting" charge (*id.*) doesn't create a relevant place for such evidence at Ms. Carpenter's trial, either. To prove a defendant's guilt as an aider and abettor, the government must prove "(1) the specific intent to facilitate the commission of a crime by another; (2) guilty knowledge (3) that the other was committing an offense; and (4) assisting or participating in the commission of the offense." *United States v. Wilson,* 160 F.3d 732, 738 (D.C.Cir.1998) (internal

3

quotation and citation omitted). Thus, while "the conduct of other rioters" could be relevant to Ms. Carpenter's culpability under such a theory, that would require that Ms. Carpenter knew about that conduct and intentionally assisted it. Here, the government seeks to admit evidence of conduct that Ms. Carpenter was not privy to. Even if the government is correct that it must show collective action to prove aiding and abetting, the only relevant evidence of that is evidence of what Ms. Carpenter saw and heard – not what was occurring at other times, outside her presence.

Not only bearing no relevance, evidence of others' conduct in the montage video and elsewhere, is cumulative and prejudicial. As the government well knows, it has many means at its disposal that can accomplish the same goal without presenting inflammatory content that will adversely influence the jury. For example, the government in past January 6 cases has been presenting a video exhibit called the "Official Proceeding Montage," that also gives an overview of the timing of the certification on January 6, 2021, and exactly when it was disrupted. *See United States v. Reffitt*, 21-cr-32 (DLF), Trial Transcript beginning at 1063. In that montage, the government presents details about the certification, exactly what sides of the Capitol building the members of Congress are, when objections occurred during the vote when the vote had to come to a halt, when members of Congress were evacuated, and when they returned to finish the certification. *Id*.

That video does not present prejudicial content and yet provides the same context and information the government claims is necessary to present its case. That non-prejudicial montage together with videos showing Ms. Carpenter's

conduct that day are more than sufficient to present the government's theory of the case. As the videos that show Ms. Carpenter also show other individuals around her, any claim by the government that it needs to present the actions of other "rioters" to present the whole picture can be met simply by showing the videos specifically applicable to Ms. Carpenter. Doing so will focus the jury only on what was occurring in Ms. Carpenter's path, which is the most relevant to her charges. The government's ability to use less prejudicial evidence is a central principle that should not be ignored. *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997) (a court should weigh the probative value of evidence in light of appropriate evidentiary alternatives).

The video montage the government wishes to present portrays multiple brutal assaults, smoke, and tear gas that were not in Ms. Carpenter's path that day and that she thus did not see or hear. It is unclear why the government thinks it necessary to present that kind of evidence when Ms. Carpenter is not charged with assault or destruction of property and did not participate in or even observe such things. It is certainly not necessary to show the context and provide a reason for the certification's delay, as that kind of delay could occur even if there were no assaults or destruction of property. Accordingly, the government does not need to present evidence that only serves to create an emotional response about the tragic events that occurred that day. *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996) (Evidence is unfairly prejudicial if it 'makes a conviction more likely because it provokes an emotional response in the jury' or adversely affects the jury's attitude

5

toward the defendant).

Admission of narrowly tailored evidence will protect Ms. Carpenter's right to a fair trial while preventing confusion and the presentation of cumulative evidence.

## I.    The DC Courts as well as Other Courts Have in the Past Precluded Use of Conclusory Labels

The government also insists it is permitted to use inflammatory labels that presuppose Ms. Carpenter's guilt and further prejudice the jury. ECF No. 63 at 8-10. However, even putting aside the clearly inflammatory nature of a word like "rioter," particularly in the emotionally charged context of a January 6 trial, it does not "fairly characterize the offense [] or the defendant's conduct" in Ms. Carpenter's case. First, Ms. Carpenter is not charged with being an insurrectionist. That is a separate charge, Rebellion or Insurrection, in violation of 18 U.S.C. §2383. Second, she did not engage in any violent conduct, even by the government's account. Hence, even if, as the government states, what took place on January 6 "was, in fact, a riot involving rioters," Ms. Carpenter was not one of them.

Finally, even if she were charged with insurrection or assault (for the term "attacker,"), she has not been convicted and using such conclusory terms is akin to using the word "victim" in many criminal trials where that has been clearly prohibited because it violates the presumption of innocence. *See e.g., United States v. Vance*, 19-cr-251 (RDM), ECF No. 33 (government agreeing to call the alleged victim by his full name to avoid prejudicial impact of using the word "victim").[1]

---

[1] In support of its argument that it is appropriate to use the "riot" language at trial, the government cites to cases in which this Court and others have employed such

There is a particularly strong prejudicial effect when the government signals its belief that the defendant is guilty:

> When a prosecutor gives his personal opinion on the …defendant's guilt, the Supreme Court explained that 'such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury. (citation omitted). 'The prosecutor's opinion,' the Supreme Court reasoned, 'carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.' (citation omitted).

*United States v. Hampton*, 718 F.3d 978, 983 (D.C. Cir. 2013). Courts have found that the word "victim" should not be used in a case where the commission of a crime is in dispute." *Jackson v. State*, 600 A.2d 21, 24 (S. Court. Del. 1990). The word "victim" in most criminal cases is similar to the analysis in January 6 cases because by using words like "insurrectionist, rioter, attacker," the government is inappropriately telling the jury that Ms. Carpenter is already guilty while she is maintaining his innocence before them. Even the word "rioter" presupposes that Ms. Carpenter is guilty of being disorderly or disruptive, two of the alleged charges in the indictment.

There is no justifiable need to use such terms that would outweigh the interest in protecting the presumption of innocence that our criminal justice system is based upon. The government can refer to Ms. Carpenter as "Ms. Carpenter" and

---

language in sentencings. *See* ECF No. 63 at 9-10. Manifestly, a judge using such descriptions in the context of a sentencing, after a defendant has been found guilty, should hardly give license to a prosecutor to label a defendant as such in front of jury that is required to presume the defendant innocent.

other individuals as "other individuals present," but should be precluded from using inaccurate and highly prejudicial words that will unnecessarily prejudice the jury against Ms. Carpenter.

## Conclusion

For the reasons set forth here and in the defense motion in limine, the Court should preclude the government from introducing irrelevant and prejudicial evidence at Ms. Carpenter's trial.

Respectfully submitted,

By:     /s/ *Michelle A. Gelernt*
Michelle A. Gelernt
Deputy Attorney-in-Charge
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1204
Email: michelle_gelernt@fd.org

Kannan Sundaram
Assistant Federal Defender
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1203
Email: kannan_sundaram@fd.org