**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal Action No. 21-305 (JEB)** |
| **SARA CARPENTER,** | |
| **Defendant.** | |

## ORDER

In connection with the breach of the United States Capitol on January 6, 2021, Defendant Sara Carpenter is charged in Counts I, III, and IV of a Superseding Indictment with civil disorder in violation of 18 U.S.C. § 231(a)(3); entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); and disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1751(a)(2).  See ECF No. 35 (Sec. Superseding Indictment) at 1–3.  At trial, the Government intends to call witnesses from the United States Secret Service to testify about the impact of the Capitol's breach on the Secret Service's duty to protect the Vice President and his family, who were present at the Capitol that day.

The Government now moves *in limine* to foreclose questioning of these witnesses about: (1) Secret service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and (2) particulars about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.  See ECF No. 53 (Govt. Motion) at 2.  As to the second area, the defense submits that it does not plan to cross-examine Secret Service witnesses about the nature of the protective details.  See ECF No. 67 (Def. Resp.) at 2.

That leaves just the first area at issue.  The Court agrees that it would be inappropriate to allow cross-examination of the Secret Service witnesses about <u>general</u> policies and practices related to where protectees or their motorcades are taken in the case of emergencies.  <u>See</u> Fed. R. Evid. 611(b); <u>see, e.g.</u>, <u>United States v. Balistreri</u>, 779 F.2d 1191, 1216–17 (7th Cir. 1985), <u>overruled on other grounds by</u> <u>Fowler v. Butts</u>, 829 F.3d 788 (7th Cir. 2016) (upholding district court decision to prohibit cross-examination on sensitive undisclosed portions of report of investigation).  Nor would such testimony be relevant.  <u>See</u> Fed. R. Evid. 401. Information about Vice President Pence's whereabouts on January 6, however, is plainly relevant to the "restricted" and "federally protected function" elements of certain counts.  In any event, testimony from a Secret Service agent regarding where the Vice President was taken at the time of the Capitol breach has already been elicited in another January 6 case last year and is thus public information.  <u>See</u> <u>United States v. Griffin</u>, No. 21-92 (D.D.C.), ECF No. 105 (Mar. 21, 2022, Tr.) at 223, 249–252 (explaining that Vice President Pence was escorted to Capitol loading dock where he remained for "four or five hours" during siege).  For that reason, the Government's national-security interests would not be compromised by a reexamination of the same issue here, and Defendant will be allowed to cross-examine Secret Service witnesses to the extent they were questioned in that previous trial.

The Court, accordingly, ORDERS that the Government's [53] Motion is GRANTED IN PART and DENIED IN PART.

<u>/s/ *James E. Boasberg*</u>
JAMES E. BOASBERG
United States District Judge

Date:  <u>February 2, 2023</u>