UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-305 (JEB) |
| : | |
| SARA CARPENTER, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR PAYMENT OF TRAVEL EXPENSES PURSUANT TO
18 U.S.C. § 4285**

The Court should deny the defendant's Motion for the U.S. Marshals Service to Provide Non-Custodial Lodging and Subsistence for Trial. (ECF No. 80.) The defendant has failed to show she is unable to pay for lodging while in Washington, D.C., during trial. Even if the defendant could establish eligibility under 18 U.S.C. § 4285 for funds, she is not entitled to lodging during the trial. Numerous other courts in this district have recently denied similar motions brought by January 6 defendants located around the country. Order, *United States v. Bacon,* 21-cr-488 (CRC), ECF No. 54 (D.D.C. Nov. 8, 2022); Minute Order, *United States v. Rodriguez,* No. 21-cr-483 (DLF) (D.D.C. Nov. 7, 2022); Minute Order, *United States v. Rossman*, No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022).

## BACKGROUND

In the early morning hours of January 6, 2021, the defendant traveled from New York to D.C. She attended the "Stop the Steal" rally on the Ellipse then went onto the restricted grounds of the Capitol. Carpenter went to the Capitol, carrying a tambourine, and approached the building from the West side where she encountered barricades and police lines. Carpenter made her way through the crowd, and past police officers to the Upper West Terrace doors and entered the building at approximately 2:44 p.m.

1

Once inside the building, Carpenter eventually made her way into the Senate Rotunda, and then to the Old Senate Chamber, where she confronted D.C. Metropolitan Police officers. At the Old Senate Chamber, Carpenter can be seen on multiple videos, including body-worn camera, shouting profanities at the Metropolitan Police, trying to negotiate her intrusion further into the Capitol building where lawmakers and others were hiding in secure locations away from the rioters.

Carpenter can also be seen on camera slapping the hands away of law enforcement officers who were trying to hold her back from further intruding into the Capitol. Despite being told to leave, and despite enduring the effects of chemical irritants and other methods that police used to try to keep Carpenter and other rioters at bay, Carpenter remained in the hallway at the Old Senate Chamber for several minutes. Among other things, Carpenter can be heard yelling, "This is my house!" in this video. Several minutes after this point in the video, the officers spray rioters with repellent. Carpenter eventually retreated to the Rotunda, where she encountered additional law enforcement officers pushing her and other rioters out of the building. Carpenter eventually left the Capitol through the east Rotunda Doors at approximately 3:18 p.m., having spent nearly forty minutes inside.

Carpenter remained on Capitol grounds after she was forced out of the building. Additional open-source video revealed Carpenter, explaining to another individual outside of the Capitol near the East Rotunda doors, her purpose for being at the Capitol that day. Carpenter explained: "The breach was made. It needs to calm down now. Congress needs to come out. They need to certify Trump as president. This is our house."

For this conduct, the defendant has been charged with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), and 2; Obstruction of an Official Proceeding, in violation of 18 U.S.C. §

1512(c)(2), and 2; Entering and Remaining in a Restricted Building and Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On February 21, 2023, Carpenter filed the instant motion. (ECF No. 80.)

## ANALYSIS

The defendant, a resident of Queens, New York, requests under 18 U.S.C. § 4285 that the U.S. Marshal pay for her noncustodial, overnight lodging "for the duration of her trial." (ECF No. 80 at 1.) The Court should deny the defendant's motion because she has failed to establish that she is unable to pay for lodging and therefore she is not entitled to the relief she seeks.[1].

### I.   Defendant Carpenter is not entitled to relief under 18 U.S.C. § 4285

Title 18, United States Code, Section 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation *to* the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses *to* his

---

[1] This Court could deny Carpenter's motion for subsistence for lodging while in District of Columbia during trial without prejudice because Carpenter must supply supporting financial information. Even if such information established Carpenter's financial eligibility, however, § 4285 does not provide for subsistence during trial or for return travel and paying Carpenter's expenses may not be in the interests of justice, as discussed in more detail below.

>destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285 (emphasis added).[2] Thus, under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served thereby," order the U.S. Marshal to provide a defendant with funds for the noncustodial transportation and subsistence while traveling for court proceedings. *Id.* Expenses for subsistence under § 4285 are limited to the costs of traveling "to" a defendant's destination. *Id.* To order travel and subsistence expenses, the district court or magistrate judge, however, must first be "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.; see also United States v. Forest,* 597 F. Supp. 2d 163, 165-166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

Other defendants have, like Carpenter, requested that courts go beyond the plain text of § 4285 and order the U.S. Marshal Service to pay not just the expenses of traveling *to* a trial, but expenses incurred *during* trial, as well as the return trip to a defendant's residence. Courts have rejected this approach. For example, in *United States v. James,* 762 F. Supp. 1, 2 (D.D.C.1991), a court in this district denied a Massachusetts defendant's *ex parte* motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because "while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; *see also United*

---

[2] Defendant Carpenter is not seeking payment for travel *to* Washington, D.C., which is what 18 U.S.C. § 4285 provides for.

4

*States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave,* 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno,* No. 09-cr-3120–L, 2009 WL 3334144, at *1 (S.D. Cal. Oct. 15, 2009) (granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial.").

A court may also deny a § 4285 motion on interest-of-justice grounds. Recently, in *United States v. Rossman*, another January 6 case, Chief Judge Howell denied a misdemeanor defendant's motion under § 4285 for travel expenses to attend his sentencing. Minute Order, *United States v. Rossman,* No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022). The Chief Judge reasoned:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

*Id.*

Defendant has proffered monthly earnings of $6,400. The defendant did not attach a declaration or an affidavit, in support of her motion, itemizing her monthly expenses which could support her argument of inability to pay for lodging while in Washington, D.C., for the trial. The

5

defendant asserts general financial responsibilities and the fact she "has previously been determined to be financially indigent and to qualify for court appointed counsel" as the reasons "she cannot to afford to pay for overnight housing for the duration of the trial." (ECF No. 31 at 1-2.)

Defendant Carpenter has failed to establish she is unable to pay for lodging during trial or that granting the motion is in the interest of justice. First, Carpenter's motion fails to provide the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into Defendant Carpenter's ability to pay. Moreover, lodging during trial is not contemplated by the statute. In *Forest*, a defendant filed a motion under § 4285 for $48.00 in funds to pay for travel and reimbursement to attend a Rule 11 proceeding. *Forest*, 597 F. Supp. 2d at 164. Defendant Forest supported her motion with documentation including a receipt that detailed Forest's social security benefits and her "usual expenses." *Id.* at 166. The court in *Forest* found the information insufficient and denied the motion because Forest's motion was: (1) unsworn, (2) her list of expenses included a monthly item that Forest could forgo to pay for the travel, and (3) based on the minimal amount of funds needed to travel, "the Court would require a much more intensive analysis of her entire financial situation before it could conclude that she had met the burden contemplated by the statute." *Id.*

Judge Cooper recently denied a similar motion to Carpenter's that similarly lacked any support for counsel's assertions about the defendant's inability to pay. *Bacon,* 21-cr-488 (CRC), ECF No. 54. Agreeing with the government's arguments, Judge Cooper ordered Bacon to include a "sworn statement and supporting documentation" to show that he is "financially unable to travel to trial," should he refile his motion. *Id.* at 1. Judge Cooper further noted, "18 U.S.C. § 4285 authorizes funding only for travel to trial and subsistence required during that travel," so

"Defendant would not be entitled to funds during trial or for travel accommodations to return to Massachusetts." *Id.*

In her recent denial of another similar motion, Judge Friedrich noted that "one-way bus transportation from New York City to Washington, D.C. costs as little as $30." Nov. 7, 2022, Minute Order, *Rodriguez,* No. 21-cr-483 (DLF). If defendant sought payment of those costs, Judge Friedrich ruled, he must submit a "(1) sworn affidavit describing his current financial circumstances, including his monthly income and expenses, his current savings and assets, and confirming the cost of same-day bus and subway transportation, and (2) attach[] documentary support for each of the attestations in his declaration." *Id.*

## II.     Defendant is not entitled to relief under the Criminal Justice Act

Defendant Carpenter alternatively asks this Courts to consider an another way to provide Defendant with funds for transportation and lodging, specifically through the Criminal Justice Act, 18 U.S.C. § 3006A "other services" provision.[3] Specifically, the defendant points to *United States v. Mendoza,* 734 F. Supp. 2d 281,  285-287 (E.D.N.Y. 2010), a case in which the defendant, a California based, unemployed, single mother, with no source of child support, was charged in the Eastern District of New York. Due to the defendant's dire financial situation, the *Mendoza* court

---

[3] Other courts have considered other alternative ways of funding, *see United States v. Badalamenti,* No. 84-cr-236 (PNL), 1986 WL 8309 at *1-2 (S.D.N.Y. July 22, 1986) (finding that although § 4285 does not permit funds for subsistence during a trial, the trial lasting one year constituted an extraordinary circumstance and "fundamental fairness or due process" required the government to "provide either decent, non-custodial lodging or the cost of obtaining it."); *Nave,* 733 F. Supp. at 1003 (noting that in the absence of a congressional amendment to § 4285, indigent defendants "must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre–Trial Services Agency for lodging in some appropriate facility, such as a half-way house"); *United States v. Gundersen*, 978 F.2d 580, 584-85 (10th Cir. 1992) (holding the Pretrial Services Act, 18 U.S.C. §§ 3152–3156, requires Pretrial Services to provide defendants unable to qualify under 18 U.S.C. § 4285 for funds used for transportation and lodging;

reluctantly held that, under an "admittedly tortured" reading of the CJA, the "other services necessary for adequate representation" provision permitted defense counsel to access judiciary funds to arrange for their clients' transportation and lodging by a court order authorizing.[4] *Id*. at 286. The court directed the defense attorneys to book a modestly priced hotel on their credit cards with the understanding the court order would ensure reimbursement via the CJA. *Id*.

Unlike the defendant in *Mendoza*, Carpenter has two sources of income. She also provided scant documentation regarding expenses. Therefore, at this juncture, without documentation, the court cannot properly make a ruling in accordance with *Mendoza*.

## CONCLUSION

The defendant has not provided the Court with a declaration or affidavit or itemized documentation supporting her assertion that she is unable to pay which would allow the Court to fulfill its obligation to conduct an appropriate inquiry. On this basis alone, the Court should deny the motion. Furthermore, Carpenter's motion impermissibly requests costs beyond those authorized by § 4285. For all these reasons, the Court should deny the defendant's motion.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              DC Bar No. 481052

By:    */s/ Rebekah E. Lederer*
        REBEKAH E. LEDERER
        Assistant United States Attorney
        Bar No. PA 320922
        601 D Street, N.W.
        Washington, D.C. 20001
        (202) 252-7012
        Rebekah.Lederer@usdoj.gov

---

[4] The *Mendoza* court highlighted the limitations of § 4285, holding that the statute did not permit the Marshalls to pay for lodging. *Id*. at 284.

                                                       CHRISTOPHER M. COOK  
                                                       Assistant United States Attorney-Detailee  
                                                       Bar No. KS 23860  
                                                       601 D Street, N.W.  
                                                       Washington, D.C. 20001  
                                                       (412)327-3487  
                                                       Christopher.cook5@usdoj.gov