UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SARA CARPENTER,<br><br>Defendant. | Criminal Action No. 21-305 (JEB) |

### DEFENDANT'S RESPONSE TO THE COURT'S ORDER OF FEBRUARY 23, 2023, REGARDING PROPOSED VOIR DIRE

Ms. Carpenter, through counsel, writes in response to the Court's Order dated February 23, 2023, directing the parties to respond to the Court's proposed voir dire on or before February 28, 2023. *See* ECF No. 81. We request that the Court supplement its proposed voir dire with the below-proposed questions designed to illuminate the venire's potential bias against Ms. Carpenter based on her participation in the events at the Capitol on January 6, 2021. As the defendant addressed in her change of venue motion, here the potential for bias is heightened: Not only was a large percentage of the District's population directly impacted by the events of that day, but there has been overwhelming media coverage not only of the events of January 6 and the ensuing congressional hearings but of the trials of those facing criminal charges for their actions that day. We respectfully submit that, particularly in light of its denial of the defendant's motion for a change of venue, the Court should expand its proposed voir dire to include questions that go to the heart of the central themes of this case. The proposed additional questions would provide useful information for both the defendant and the government in exercising both preemptory challenges and challenges for cause. *See United States v. Coleman*, 552 F.3d 853, 860–61 (D.C. Cir. 2009).

"*Voir dire* examination serves the dual purposes of enabling the court to select an impartial

1

jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia,* 500 U.S. 415, 431 (1991).  Preemptory challenges are a statutory right while challenges for cause implicate the Sixth Amendment. *See United States v. Martinez-Salazar,* 528 U.S. 304, 311 (2000). As the D.C. Circuit has long recognized, the defendant "must be given a full and fair opportunity to expose bias or prejudice on the part of the veniremen." *United States v. Robinson,* 475 F.2d 376, 380–81 (D.C.Cir.1973). While the Court enjoys broad discretion in conducting voir dire, that discretion is "subject to the essential demands of fairness" *United States v. Orenuga*, 430 F.3d 1158, 1163 (D.C. Cir. 2005.) (*citations omitted*); *Morgan v. Illinois,* 504 U.S. 719, 730 (1992) (quoting *Aldridge v. United States,* 283 U.S. 308, 310 (1931)).

Additionally, because portions of the Court's proposed *voir dire* employ the use of compound questions calling for potential jurors' individual assessment as to whether they can be fair or impartial, the defendant objects and requests that the Court reframe these questions in the manner suggested below.  The determination as to whether a juror can be fair and impartial cannot be left for the juror himself to determine. *See United States v. Littlejohn*, 489 F.3d 1335, 1345 (D.C. Cir. 2007), *citing United States v. West*, 458 F.3d 1, 11 (D.C. Cir. 2006); *United States v. Edmond*, 52 F.3d 1080, 1097 (D.C. Cir. 1995). The Circuit has recognized that even the "most scrupulous juror" may not be aware of potential biases that may affect his judgement or the evaluation of evidence in a given case. *See Littlejohn*, 489 F.3d  at 1345 (*citations omitted*.)

I. **DEFENDANT'S SUPPLEMENTAL PROPOSED VOIR DIRE QUESTIONS**

1. The defendant requests that the court supplement question 2 of the proposed voir dire to includes the names of the additional members of the defense team. *See* ECF No. 81, question 2. The defendant requests that the court use the following amended language: "The Government in this case is represented by Assistant United States Attorneys Christopher Cook, Katherine Nielsen, and Rebekah Lederer. The Defendant is represented by attorneys Michelle Gelernt and Kannan Sundaram of the Federal Defenders of New York.  Ms. Gelernt and Mr. Sundaram are assisted by paralegal Andres Leland and investigator Sarah Howard, also of the Federal Defenders of New York. Sara Carpenter is the Defendant, and she lives in Richmond Hill, New York. Do you know any of these people?"

2. Is there anyone in the group or a close friend or family member who works for, or has  previously worked for, or performed work for the United States government?

3. Did anyone in the group or a close friend or family member work or volunteer for a political campaign or party in connection with the 2020 presidential election?

4. Did anyone in the group or a close friend or family member work or volunteer as a poll worker, poll observer, election monitor or in any other capacity in connection with the 2020 presidential election?

5. Has anyone in the group served as a juror on a criminal or civil trial? Without mentioning the verdict can you tell is if you were able to reach a verdict?

II. **DEFENSE PROPOSED QUESTIONS:  PRESUMPTION OF INNOCENCE, BURDEN OF PROOF AND REASONABLE DOUBT**

1. Ms. Carpenter, like every defendant in a criminal trial, is presumed innocent - and you must continue to presume her innocent unless the government proves each element of each charge beyond a reasonable doubt. You cannot bring in opinions or views about this

case or about Ms. Carpenter based solely on the charges she faces. As you sit here right now, does anyone have difficulty presuming Ms. Carpenter innocent?

2. Does anyone believe that because Ms. Carpenter has been charged with crimes, that means she is probably guilty?

3. The government has the burden of proof. This means that the jury cannot return a guilty verdict against Ms. Carpenter unless the prosecution has proven beyond a reasonable doubt each and every element of each individual charge. Would you have any difficulty accepting and applying this legal instruction?

4. Ms. Carpenter has no obligation to testify or present any evidence in this case. As I will instruct you now, and again at the end of this case, you cannot draw a negative conclusion or hold it against Ms. Carpenter in any way if she does not testify. Does anyone have a strong opinion about this rule? Would you have any difficulty accepting and applying this legal instruction?

5. If, after you have heard all the evidence, you find that the government has proven beyond a reasonable doubt every element of a particular charge, it is your duty to find Ms. Carpenter guilty of that charge. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find Ms. Carpenter not guilty. Is there anyone who is reluctant or unable to carry out this duty?

6. Ms. Carpenter is not challenging that she was inside the Capitol building on January 6. Knowing that, would you have any difficulty applying the legal principles we have just discussed?

Additionally, we ask that the Court give the following instruction before asking the defense to provide the names of any witnesses it intends to call:

> As I have previously instructed you (*or will instruct you in further detail*) the

defendant has no burden in this case. This means that the defendant may but need not call any witnesses. Mr. Carpenter is entitled to hold the government to its burden of proof and prove each and every element of the crimes charged beyond a reasonable doubt. If the government fails to meet its burden as to any charge you must find Ms. Carpenter not guilty of that charge. That burden never shifts to the defendant, and you may not infer anything or lessen the burden on the government should the defendant choose not to call any witnesses.

### III. DEFENDANT'S OBJECTIONS TO PROPOSED VOIR DIRE QUESTIONS

The defendant objects to voir dire questions 7, 8 and 14 as posed by the Court, specifically the language asking the jurors to determine for themselves whether their feelings about law enforcement, allegations of acts on January 6 and the outcome of the 2020 presidential elections would make it difficult them to be fair and impartial jurors. *See* ECF No. 81 at 7, 7 and 14. The Defendant requests that the Court use the amended language proposed below:

Question 7 - Proposed Amended Language:

I will be instructing the jury at the end of the trial that the testimony of a law- enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness works in law enforcement.  Does anyone have such strong feelings about law enforcement – either positive or negative?

Question 8 – Proposed Amended Language:

Do you have strong feelings, or have you formed fixed opinions regarding the events that occurred on the U.S. Capitol Grounds on January 6?  Or about the people who came to the Capitol that day?

<u>Question 14– Proposed Amended Language</u>

      Do you have strong personal feelings or opinions about the outcome of the 2020 presidential election?

                                      Respectfully submitted,

                                      By:    /s/
                                      Michelle A. Gelernt
                                      Deputy Attorney-in-Charge
                                      Federal Defenders of New York
                                      Brooklyn, NY 11201
                                      Telephone: (718) 330-1204
                                      Email:michelle_gelernt@fd.org

                                      Kannan Sundaram
                                      Assistant Federal Defender
                                      Federal Defenders of New York
                                      Brooklyn, NY 11201
                                      Telephone: (718) 330-1203
                                      Email:kannan_sundaram@.fd.org