UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 21-cr-305 (JEB) |
| | : | |
| v. | : | |
| | : | |
| **SARA CARPENTER,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO PROPOSED VOIR DIRE**

On February 23, 2023, the Court provided the parties with Proposed Voir Dire questions and invited the parties to submit any objections and proposed additions to those questions by February 28, 2023. (ECF No. 81). The Defendant, through counsel, filed a Proposed Voir Dire on February 28, 2023, noting specific objections and modifications to the Court's Proposed Voir Dire. (ECF No. 83). The United States files this brief in response to the Court's Proposed Voir Dire as well as the Defendant's Proposed Voir Dire:

1. The only modification that the United States proposes to the Court's Proposed Voir Dire is at paragraph 2 of ECF No. 81. The United States respectfully requests that this paragraph be modified to read as follows: "The Government in this case is represented by Assistant United States Attorneys Christopher Cook, and Rebekah Lederer. Also at counsel table for the Government is FBI Special Agent Robert Carasiti, and paralegal Hamdi Mohamed. The Defendant is represented by attorneys Michelle Gelernt and Kannan Sundaram of the Federal Defenders of New York. Ms. Gelernt and Mr. Sundaram are assisted by paralegal Andres Leland and investigator Sarah Howard, also of the Federal Defenders of New York. Sara Carpenter is the Defendant, and she lives in Richmond Hill, New York. Do you know any of these people?"

1

2. The United States has no further objections or modifications to the Court's Proposed Voir Dire.

3. The United States objects to the Defendant's Supplemental Proposed Voir Dire Questions 2, 3, and 4.

4. Specifically, the Defendant's Proposed Voir Dire Question #2 "Is there anyone in the group or a close friend or family member who works for, or has previously worked for, or performed work for the United States government?" is overly broad. In addition, virtually the same question, in a more appropriately limited manner, is asked at the Court's Proposed Voir Dire at Question #4.

5. The Defendant's Proposed Voir Dire Questions #3, and #4 are questions that relate to the political affiliations of proposed jurors. These questions are not relevant in determining whether jurors can be fair and impartial, especially as it relates to family and friends of the juror. The Court's proposed instructions at #8 and #14 succinctly cover the Defendant's proposed questions in an appropriate manner.

6. The United States takes no position with respect to the Defendant's Proposed Voir Dire Question #5: "Has anyone in the group served as a juror on a criminal or civil trial? Without mentioning the verdict can you tell us if you were able to reach a verdict?"

7. The United States objects to the Defense's proposed questions #1-6 of Section II regarding the presumption of innocence, burden of proof, and reasonable doubt. These issues are covered at length in the Court's instructions to the jury as well as the Court's proposed question #21, the "catch-all"

8. If Your Honor is inclined to grant this line of questions in Section II of the Defendant's Proposed Voir Dire, the United States proposes the court ask the questions directly without repeating the same question asked in the proposed question before it.

    a. Defense proposed instruction #1 and #2 are duplicative.

    b. Defense proposed instruction #3 and #5 are duplicative.

    c. Defense's proposed instruction in Section II is duplicative as it will be covered in instructions to the jury.

9. The United States objects to the Defendant's proposed amended language in Section III at ECF No. 83. The United States believes the Court's proposed language for questions 7, 8, and 14 are sufficient. The Defendant's proposed amendments do not meaningfully alter the same questions that the Court proposes.

 

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ Christopher M. Cook*
Christopher M. Cook
Assistant United States Attorney - Detailee
KS Bar No. 23860

*/s/ Rebekeah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Bar No. PA 320922
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-7012
Rebekah.Lederer@usdoj.gov