UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SARA CARPENTER,<br><br>Defendant. | Crim. Action No. 21-305 (JEB) |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO DEFENDANT'S MOTION
FOR PAYMENT OF SUBSISTENCE EXPENSES**

Ms. Sara Carpenter, through counsel, writes in reply to the government's memorandum in opposition to her request for an order providing for payment or reimbursement of her lodging expenses during her upcoming trial, either pursuant to 18 U.S.C. § 4285 or 18 U.S.C. § 3006A. *See* ECF Nos. 80, 82).

As the government points out, § 4285 by its terms and as interpreted by the courts only authorizes payment for an indigent defendant's one-way travel to a court appearance, but not for such defendant's subsistence or lodging during trial. *See* ECF No. 82 at 3 -5

As Judge Gleeson decried in *United States v. Mendoza*, 734 F. Supp. 2d 281 (E.D.N.Y. 2010): "The lack of any judicial authority to require the Marshals to pay for lodging and subsistence in these circumstances is lamentable, and I am not the first to say so. As early as 1993, the Prado Committee noted the lack of any provision for subsistence expenses, or even for return travel." *Id.* at 287 (citation omitted).

In *Mendoza*, Judge Gleeson "concluded that the only acceptable option in this case was to make use of the judiciary's budget for criminal defense attorneys. In the end, I asked the defense attorneys to book their clients into a modestly-priced hotel for the duration of the trial, and to pay the hotel bills with their credit cards. I instructed the lawyers that they would be reimbursed from CJA funds." *Id.* at 286.

We ask this Court to do the same here. Because, as the government notes, the transportation cost from New York City to Washington, D.C, is relatively minor [*See* ECF No. 82 at 7) and Ms. Carpenter plans to get a ride here, she has not requested court-ordered payment of her travel expenses. The expense of lodging for the duration of trial, however, is a different matter. Based on the projected length of the trial and the need for Ms. Carpenter to arrive in D.C. over the weekend, she will likely need to stay in a hotel for five or six nights. A modestly priced hotel in D.C. for that duration would cost approximately $ 1,100 to $1,300. This is a significant financial hardship for Ms. Carpenter, and an undue hardship for an indigent defendant who is presumed innocent and required to travel to a foreign district to attend trial.

Unlike its position with respect to a request pursuant to § 4285, the government does not challenge this Court's power to authorize payment or reimbursement of these costs under the Criminal Justice Act.[1] Instead, the government states only that "at this juncture, without documentation, the court cannot properly make a ruling in accordance with *Mendoza*." *See* ECF No. 82 at 8. This is simply not true. In *Mendoza*, the court approved lodging reimbursement for both trial defendants – Dayana Mendoza and

---

[1] Nor did the government in *Mendoza*, where it explicitly conceded that the court had such authority and did not oppose it exercising it in that case. *See* Ex. A, *United States v. Mendoza*, 9-CR-292 (JG), ECF No. 222 at 4, 6.

Jinnate Jones -- based only on their indigent status and Ms. Mendoza's counsel's representations.

The information that defendant Mendoza was an "unemployed, single mother, with no source of child support" [ECF No. 82 at 7; *Mendoza*, 734 F.Supp.2d at 283] was simply stated by defense counsel in his motion for the requested relief, just as is the case here. *See* Ex. B, *United States v. Mendoza*, 9-CR-292 (JG), ECF No. 186. And while the court accordingly noted that between the two defendants, Mendoza was "in particularly difficult financial straits[,]]" *id.*, it approved the same lodging reimbursement for both defendants. *See* 734 F.Supp.2d at 286. Thus, the decision was based primarily on the defendants' indigent status.

For the reasons set forth here and in the defendant's initial motion, we respectfully request that the Court authorize funding of Ms. Carpenter's lodging expenses during trial through the Criminal Justice Act, 18 U.S.C. § 3006A. *See* ECF No. 80-2.

                                                Respectfully submitted,

                                                Michelle Gelernt
                                                Kannan Sundaram
                                                Attorneys for Sara Carpenter
                                                Federal Defenders of New York, Inc.
                                                One Pierrepont Plaza, 16th Floor
                                                Brooklyn, NY 11201
                                                (718) 330-1204