

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:ZA/AL  　　　　　　　　　　　　　　　　　　*271 Cadman Plaza East*
F.#2008R01677  　　　　　　　　　　　　　　　*Brooklyn, New York  11201*

February 12, 2010

**By ECF and Hand Delivery**

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　Re:  United States v. Dayana Mendoza
　　　　　　　　Criminal Docket No. 09-292 (JG)

Dear Judge Gleeson:

　　　　The government writes in response to the Court's order dated February 11, 2010, requesting briefing on the questions of (1) whether the Court has the authority to direct the Department of Justice to arrange and pay for the defendant's meals and lodging during her upcoming trial; (2) if so, what the source of that authority is, and in particular whether 18 U.S.C. § 4285 or 28 U.S.C. § 1651 provide such a source; (3) whether, in the event the defendant does not secure housing or subsistence for trial, she can obtain a fair trial in this district; and (4) if not, whether the Court should reconsider its earlier denial of the defendant's motion for a transfer of venue.  For the reasons stated below, the government respectfully submits that the Court should order Pretrial Services to provide the defendant with lodging and subsistence during trial or order the disbursement of funds pursuant to the Criminal Justice Act to cover such expenses and respectfully requests that the Court adhere to its denial of her motion for transfer of venue.

I.　　Section 4285 Does Not Authorize the Court to Order the
　　　Marshals to Provide the Defendant With Lodging and Food

　　　　Courts have consistently held that 18 U.S.C. § 4285 does not authorize or require the United States Marshal's Service to provide money for a defendant's lodging and subsistence during trial.  See, e.g., United States v. Gunderson, 978 F.2d 580, 583-84 (10th Cir. 1992); United States v. Centeno, No. 09-CR-3120-L, 2009 WL 3334144, *1 (S.D. Cal. Oct. 15, 2009); United States v. Maricle, No. Cr. 09-16-S-DCR, 2009 WL 3211104, *4 (E.D. Ky. Oct.

2

1, 2009); United States v. Sandoval, 812 F. Supp. 1156, 1157-58 (D. Kan. 1993); United States v. James, 762 F. Supp. 1, 2 (D.D.C. 1991); United States v. Nave, 733 F. Supp. 1002 (D. Md. 1990). In so holding, those courts have relied on the fact that the statutory language provides only for payment of "subsistence expenses to [the defendant's] destination," and not during her stay at that destination. 18 U.S.C. § 4285 (emphasis added); see also Sandoval, 812 F. Supp. at 1157 (noting legislative history of § 4285 provides that "[s]ubsistence shall terminate upon arrival at the defendant's destination and shall not continue throughout the defendant's stay at that destination"). In light of this precedent, the government respectfully submits that Section 4285 does not authorize the Court to order the Marshals to provide the defendant with lodging and subsistence during trial.

II. The Pretrial Services Act Does Authorize the Court to Order Pretrial Services to Provide the Defendant With Subsistence

Assuming that the defendant has demonstrated to the Court's satisfaction that she is not only eligible for representation under the Criminal Justice Act but also unable to afford lodging and subsistence in Brooklyn for the duration of her trial, cf. Maricle, 2009 WL 3211104 at *4 (noting that "being unable to afford counsel under the Criminal Justice Act does not necessarily mean that a Defendant is unable to pay other expenses during trial"), the government submits that the Pretrial Services Act, 18 U.S.C. §§ 3152-3156, requires the Pretrial Services Agency to provide her with lodging and subsistence during her trial.

The Pretrial Services Act defines "[p]retrial services functions" to include:

> Operate or contract for the operation of appropriate facilities for the custody or care of persons released under this chapter including residential halfway houses . . . and contract with any appropriate public or private agency or person, or expend funds, to monitor and provide treatment as well as nontreatment services to any such persons released in the community, including equipment and emergency housing . . . and other services reasonably deemed necessary to protect the public and ensure that such persons appear in court as required.

18 U.S.C. § 3154(4) (emphasis added). The defendant, who was

3

released on an unsecured appearance bond pursuant to 18 U.S.C. § 3142(b), is a "person[] released under this chapter" for purposes of the Act. The obligation of Pretrial Services to provide "appropriate facilities," including "emergency housing," to pretrial releasees to ensure that they "appear in court as required" has been held to include providing indigent defendants with food and lodging during trial. See, e.g., Gunderson, 978 F.2d at 584 (holding Pretrial Services Act "requires the Agency to provide food and shelter" during the course of trial for defendants "who can establish genuine need"); Maricle, 2009 WL 3211104 at *4 ("[T]he only subsistence relief available to 'indigent' defendants released on bond is through pretrial services."); Centeno, 2009 WL 3334144 at *1 n.1 ("The Pretrial Services Act requires the Pretrial Services Agency to provide food and shelter to indigent defendants during trial."). In situations where the Agency does not have the funds to pay for the defendant's stay at a commercial hotel, Courts have found that providing the defendant with food and lodging at a facility maintained by the Agency is an acceptable means of fulfilling its statutory obligation. See, e.g., Sandoval, 812 F. Supp. at 1158 (ordering Pretrial Services, where agency indicated that "funds [were] not available to pay for lodging at . . . [a] commercial hotel or motel," to lodge defendant at a government-managed facility); Maricle, 2009 WL 3211104 at *4 (holding that if defendants "seek assistance with lodging and meals during trial," court should conduct an inquiry as to "whether housing at a half-way house or other facility under contract with the United States Probation Office would be appropriate").[1]

---

[1] The government has been advised by supervisors at the EDNY Pretrial Services Agency that they do not believe they have sufficient funds available, pursuant to their rules and regulations, to lodge the defendant in a commercial establishment. Pretrial Services has further advised that if the Court wishes the agency to provide the defendant accommodations in a halfway house for the duration of her trial, the Court should modify her conditions of release to require such accommodations. With regard to the latter option, Tenth Circuit has noted that in the case of indigent trial defendants who are provided lodging and subsistence at a government-managed facility,

> [R]estrictions imposed upon defendants accepting the food and shelter at a halfway house. . . may be no more onerous than are required to protect institutional concerns for order and the welfare of all inhabitants. Thus, restrictions on leaving the institutional setting during working hours

III.   The Criminal Justice Act Authorizes the Court to Disburse Payments to Provide the Defendant with Subsistence

In a recent case in this district, <u>United States v. Kahale</u>, No. 09-CR-159 (KAM), Chief Judge Dearie and Judge Matsumoto approved the disbursement of funds pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 1651 to provide accommodations for indigent defendants who resided outside of the district for the duration of their trial.  <u>See</u> Order, 09-CR-159 (KAM) (Jan. 15, 2010) (attached hereto as Exhibit A).  Such provisions may fairly be understood to fall within the Criminal Justice Act's mandate that courts provide "counsel . . . investigative, expert, <u>and other services necessary for adequate representation</u>."  18 U.S.C. § 3006A(a) (emphasis added); <u>see</u> <u>generally</u> <u>United States v. Mosquera</u>, 813 F. Supp. 962, 966-96 (E.D.N.Y. 1993) (encouraging "broad reading" of "other services" provision in order "to permit the court to consider other measures that might be necessary to an adequate defense").  The government respectfully submits that the Court has the authority to order the disbursement of Criminal Justice Act funds to provide the defendant with lodging and subsistence for the duration of her trial.[2]

---

> applicable to other inhabitants might not be justifiably applied to persons in defendants' situation. . . . Defendants who choose to accept government housing for food and shelter must be free to terminate that choice at any time during business hours of the facility. To the extent the district court's order can be read to require the defendants to reside at the halfway house as a condition of bail solely because of their indigency we disapprove of it.

<u>Gunderson</u>, 978 F.2d at 585.

[2]  On the question raised by the Court regarding the scope of its authority pursuant to the All Writs Act, 28 U.S.C. § 1651, the government would note that because the expenditure of public funds by the Marshals has not been specifically authorized by Congress here, the Court's authority to order such an expenditure is limited by separation of powers principles.  <u>See</u>, <u>e.g.</u>, <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976); <u>Pennsylvania Bureau of Correction v. U.S. Marshals Service</u>, 474 U.S. 34, 38 (1985).  Because 18 U.S.C. § 3154(4) specifically authorizes Pretrial Services to expend funds for the purpose of subsistence for indigent trial defendants, however, the same limitations

Case 1:22-cr-00305-JEB Document 85-1 Filed 02/28/23 Page 5 of 6
Case 1:21-cr-00305-JEB Document 222 Filed 02/10/23 Page 5 of 6 PageID #: 832

5

III.   The Defendant's Right to a Fair Trial Will Not Be Violated if She is Provided Lodging and Subsistence

The defendant's Sixth Amendment and Due Process rights certainly entitle her to trial accommodations and subsistence that allow her sufficient opportunity to meet with her counsel and prepare her defense. See, e.g., Ake v. Oklahoma, 470 U.S. 68, 75 (1985) ("[W]hen a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense."); United States v. Triumph Capital Group, 487 F.3d 124, 129 (2d Cir. 2007) ("Effective assistance of counsel requires that the defendant be allowed to communicate with his or her attorney."). So long as the accommodations provided by either by Pretrial Services or pursuant to the Criminal Justice Act meet those requirements, they will not violate her constitutional right to a fair trial.[3]  In United States v. Gundersen, 978 F.2d at 584, the Tenth Circuit held that where Pretrial Services offered indigent trial defendants "food and shelter only through residency in a government-managed facility," those defendants' constitutional rights were not violated "as long as the conditions imposed upon defendants [were] not unduly onerous and permit[ted] them sufficient contact with counsel and sufficient release time to prepare reasonably their defense."  Assuming those same conditions are met in this case, the defendant will be able to obtain a fair trial in this district.

IV.   The Court Should Not Reconsider its Earlier Denial of the Defendant's Motion to Transfer Venue

Because lodging at the expense of Pretrial Services or pursuant to the Criminal Justice Act would not cause an "extreme inconvenience" to the defendant, the government respectfully requests that the Court adhere to its denial of the defendant's

---

would not apply to the Court's authority under the All Writs Act to order the agency to provide those services.  Similarly, because the Criminal Justice Act permits the expenditure of funds for an indigent defendant's subsistence during trial, the Court has the authority to order such a disbursement pursuant to the All Writs Act.

[3]   The government does not take a position on whether an order directing Pretrial Services to provide the defendant with subsistence or an order directing subsistence funds be disbursed pursuant to the Criminal Justice Act is more appropriate in this case.

6

motion for transfer of venue pursuant to Fed. R. Crim. P. 21(b). For the reasons stated in the government's responsive brief dated January 8, 2010, an analysis of the factors to be considered under Platt v. Minnesota Mining and Mfg. Co., 376 U.S. 240, 243-44 (1964), continues to weigh against transfer of this case to the Northern District of California. See also United States v. Maldonado-Rivera, 922 F.2d 934, 966 (2d Cir. 1990). Of the nine factors outlined in Platt, only one — the location of the defendant — weighs in favor of transfer in this case. Because the defendant will be provided with adequate lodging and subsistence during the course of trial in the Eastern District of New York, the location of her residence alone does not tip the scales in favor of transfer here.

V. Conclusion

For the reasons stated above, the government respectfully requests that the Court order Pretrial Services to provide lodging and subsistence to the defendant for the duration of her trial or order that funds to provide for such lodging and subsistence be disbursed pursuant to the Criminal Justice Act. The government further requests that the Court adhere to its denial of the defendant's motion for transfer of venue.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By: _____/s/_____
Zainab Ahmad
Allon Lifshitz
Winston Paes
Assistant U.S. Attorneys
(718) 254-6522/6164/6023

cc: J. Patten Brown, III, Esq.
    Deputy Chief Robert Cordeiro, Pretrial Services