**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-CR-305 (JEB)** |
| | : | |
| **SARA CARPENTER,** | : | |
| | : | |
| **Defendant.** | : | |

---

### DEFENDANT'S MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The defendant hereby moves this Court to remove the above-captioned case from the trial calendar and schedule a status conference in approximately 60 days. The defendant further moves to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that taking such action is in the interest of justice and outweighs the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the defendant states as follows:

### FACTUAL BACKGROUND

On February 28, 2023, House Speaker Kevin McCarthy announced that lawyers representing defendants facing charges stemming from the events at the Capitol on January 6, 2021, would be granted access to previously undisclosed United States Capitol Security footage.[1] Speaker McCarthy has indicated that he has more than 45,000 hours of

---

[1] *See i.e. "McCarthy grants access to Capitol security footage to January 6 defendants,"* https://www.cnn.com/2023/02/28/politics/capitol-security-footage-january-6-mccarthy/index.html (last

footage.[2]  Representative Barry Loudermilk, chairman of the House Administration Committee's oversight subpanel, said in a statement to Politico that  the  Committee would "make available any relevant documents or videos, on a case-by-case basis, as requested by attorneys representing defendants.[3]"

The video surveillance described by Speaker Kevin McCarthy is far in excess of what was previously disclosed by the government and known to exist. While the government has disclosed voluminous video surveillance, there remain temporal gaps in the footage thus far provided between the moments Ms. Carpenter is  shown entering and exiting the Capitol.

Defense counsel has notified the government of our intent to move for a continuance. While the government indicated it would oppose the requested adjournment, it nonetheless acknowledged that it could not state whether the footage described by Speaker McCarthy contains previously undisclosed video of Ms. Carpenter at the Capitol on January 6, 2021. The government indicated that it believed that the temporal gaps in the footage of Ms. Carpenter at the Capitol may be a result of her passing through areas not captured by the Closed Circuit cameras but acknowledged it could not say so with any certainty. Further, neither the

---

accessed on March 1, 2023); "*House GOP moving to let Jan. 6 defendants access Capitol security footage*"

https://www.politico.com/news/2023/02/28/house-gop-moving-to-let-jan-6-defendants-access-capitol-security-footage-00084763 (last accessed on March 1, 2023); and *See* "*US House Speaker McCarthy says he will provide Jan. 6 defendants with security footage.*" Available at, https://www.reuters.com/world/us/us-house-speaker-mccarthy-says-he-will-provide-jan-6-defendants-with-security-2023-02-28/ ((last accessed on March 1, 2023).

[2] *See* "*US House Speaker McCarthy says he will provide Jan. 6 defendants with security footage.*" available at, https://www.reuters.com/world/us/us-house-speaker-mccarthy-says-he-will-provide-jan-6-defendants-with-security-2023-02-28/ (last accessed on March 1, 2023)

[3] "*House GOP moving to let Jan. 6 defendants access Capitol security footage*"
https://www.politico.com/news/2023/02/28/house-gop-moving-to-let-jan-6-defendants-access-capitol-security-footage-00084763 (last accessed on March 1, 2023).

government nor the defendant has  had the opportunity to compare the files obtained by Speaker McCarthy with those previously disclosed to the January 6 defendants. Accordingly, neither party can  make any determination about whether the footage described is duplicative of video disclosed  previously. Consistent with its discussion with the government today, it is defense counsels' understanding that during today's proceedings before Judge Timothy J. Kelly, in *United States v. Nordean, et al*, 21-CR-175 (TJK),  the Department of Justice likewise acknowledged that it does not know whether the material described by Speaker McCarthy contains previously undisclosed footage.[4]

## ARGUMENT

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Pursuant to Section 3161(h)(7)(A) of the Speedy Trial Act, the Court must exclude from the computation of time within which a trial must commence any period of delay

"resulting from a continuance . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This Court is required to set forth its reasons for finding that exclusion is warranted. *Id.*

---

[4] *See* https://twitter.com/kyledcheney/status/1628406790009327617.

Subsection (h)(7)(B) sets forth a non-exhaustive list of factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .

> (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).

Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing*    §3161(h)(7)(B)(ii), (B)(iv)).

An interests-of-justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As the government has

previously asserted, their investigation into the events at the Capitol on January 6, 2021 "is likely the most complex investigation ever prosecuted by the Department of Justice." *See* Dkt. No. 13 at 6.  There is no doubt that the material requested, closed circuit video recordings made by the Capitol Police, is discoverable and within the control of the government. Defense counsel has an ethical obligation to ascertain whether the video footage described by Speaker McCarthy contains video footage of Ms. Carpenter not previously disclosed by the government. Further, given that the existence of the material created by the Capitol Police was only recently disclosed and it was announced just yesterday that defense counsel would be granted access, Ms. Carpenter should not be penalized for failing  to request and gain access to this footage up to this point.

It is well established that the need for reasonable time to organize, produce, and review voluminous discovery is an appropriate basis to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011).

Accordingly,  the ends  of  justice is served by granting this request for a continuance and the reasons for the continuance outweigh the interest of the public and the defendant in a speedy trial.

Counsel for Ms. Carpenter has conferred with government counsel and notified them of the filing of this motion. The government notified counsel that it intends to object to the requested continuance.

WHEREFORE, the defendant respectfully requests that this Court grant the motion for a continuance of the trial and set the matter down for a status conference in approximately 60 days to a date convenient to the Court and the parties. The defendant further moves that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice are served by taking such actions and that those ends outweigh the interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

By:     /s/ *Michelle A. Gelernt*
Michelle A. Gelernt
Deputy Attorney-in-Charge
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1204
Email: michelle_gelernt@fd.org

By:     /s/ *Kannan Sundaram*
Kannan Sundaram
Assistant Federal Defender
Federal Defenders of New York
Brooklyn, NY 11201
Telephone: (718) 330-1203
Email: kannan_sundaram@fd.org

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                           |     |                              |
|---------------------------|-----|------------------------------|
| **UNITED STATES OF AMERICA** | :   |                              |
|                           | :   |                              |
| **v.**                    | :   | **Criminal No. 21-CR-305 (JEB)** |
|                           | :   |                              |
| **SARA CARPENTER,**       | :   |                              |
|                           | :   |                              |
| **Defendant.**            | :   |                              |

## ORDER

Based upon the representations in the Defendant's motion to continue and to remove this case from the trial calendar, and upon consideration of the entire record, the Court makes the following findings:

Defendant is charged via superseding indictment with offenses related to the events that occurred at the United States Capitol on January 6, 2021.

Due to the defendant's need to gain access to and review voluminous evidence that the defendant could not with due diligence obtain and review in advance of the scheduled trial date, the requested continuance is necessary to allow a reasonable time for effective preparation for trial. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

7

Therefore, it is this_____day of_____, 2023,

**ORDERED** that the Defendant's Motion to Continue and to Exclude Time Under the Speedy Trial Act is hereby GRANTED; it is further

**ORDERED** that this proceeding be reset for a status conference on _____, 2023, at _____.


_____
THE HONORABLE JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE