UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Case No. 21-CR-305-JEB |
| | : | |
| **SARA CARPENTER,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION TO CONTINUE TRIAL DATE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Carpenter's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act. Defendant Carpenter argues that an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A), because the House Speaker announced that lawyers representing defendants facing charges stemming from the events at the Capitol on January 6, 2021, would be granted access to previously undisclosed United States Capitol Security footage. *See* Def's Mot. at 1-2. Defendant Carpenter demands access to evidence that is likely immaterial, outside the government's possession, and/or already provided in discovery. Accordingly, her motion should be denied.

The Defendant suggests that a continuance is necessary to allow the defense time to review any surveillance footage that they may not have had access to, or that may later be released. But this argument does not warrant a continuance at this stage. The United States does not know the extent of any material that a member of the legislative branch purportedly provided to other individuals. This Court should not commit to an indefinite trial extension for this Defendant, or for any defendants, based on the unsupported allegation that pertinent information may exist somewhere, but is not currently known to either the prosecution or the defense. Chief Judge Howell

1

identified this argument's fallacy when considering a similar motion in the context of the January 6 House Select Committee: "Taken to its logical endpoint, defendant's argument would preclude nearly *any* criminal trial on *any* subject, *ever*, from proceeding, as it is *always* possible that relevant information exists somewhere that is not fully known by or in the possession of the parties." *United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 5-6.

The United States has provided voluminous discovery in this case. In addition to the case-specific discovery that has been provided to the Defendant, as of January 24, 2023, over 4.89 million files (7.23 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 750 digital devices and 409 Stored Communications Act accounts; 4,500 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 352 digital recordings of subject interviews; and 129,021 (redacted or anonymous) tips. Over 30,000 files that include body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies have been shared to the defense evidence.com video repositories. For context, the files provided amount to over nine terabytes of information and would take at least 361 days to view continuously. *All* of this information is accessible to the defense.

Defendant Carpenter has had access to this material to determine whether there is any information relevant to her defense, or if there exists any related material pertinent to the supposed gaps of coverage that the Defendant suggests may be relevant to her case. Moreover, the Defendant has access to maps showing the location of CCTV cameras, and access to footage from those cameras that have been previously released, and the Defendant has not requested the release of any specific camera locations and footage that has not already been provided. Subject to some

exclusions such as evacuation footage and cameras depicting certain sensitive areas, the Defendant, like all January 6 defendants, has had access to all exterior USCP camera footage as well as all interior Capitol and CVC footage from January 6 from noon to 8 p.m. For case specific discovery, with respect to CCTV, the government has made available 11 specific camera locations amounting to approximately 162 minutes of CCTV. As far as the Government is aware, this includes all relevant videos between when the Defendant entered the building, at approximately 2:44 p.m. to approximately 3:18 p.m., when the Defendant exited the building. Upon information and belief, the government believes that the additional hours of footage referenced by media outlets include other areas of the Capitol grounds and/or videos from days other than January 6, 2021.

Defendant Carpenter offers no non-speculative reason to believe that any such video surveillance footage, that may not have been provided to the Defendant in the course of discovery, will bear in a material way on the evidence in this case, and on her conduct. The Defendant suggests that there are temporal gaps in the footage provided thus far between the moments Ms. Carpenter is shown entering and exiting the Capitol, but to the Government's (current) knowledge there does not appear to be CCTV cameras available in the areas where these temporal gaps exist. Moreover, the temporal gaps that the Defendant alludes to are an extremely small timeframe. A review of the currently available evidence indicates that the timeframe where the Defendant is apparently not on CCTV footage (or other third-party footage) inside the Capitol is a matter of seconds. Defendant's movements inside the Capitol are otherwise captured in either CCTV footage or third-party footage, that has been provided to the Defendant. Nor does the Defendant suggest what this supposed gap in coverage would reveal that would be remotely exculpatory to the crimes with which she is charged.

The Defendant acknowledges that the Government has not had the opportunity to compare

the files described by Speaker McCarthy with those previously disclosed. *See* Def's Mot. At 3. But the Defendant's suggestion that she faces prejudice due to the potential existence of additional information is unfounded. The Defendant did not provide any authority to suggest that the mere existence of a third-party having access to relevant information would necessitate the continuance of January 6-related criminal proceedings.

As Chief Judge Howell noted, the Government's discovery obligations in a criminal case are properly limited to materials that are potentially relevant to a defendant's case in the government's possession or control, and the government is not obliged to acquire materials possessed or controlled by others. *See United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 6 (citing *United States v. Meija*, 488 F.3d 436, 444-45 (D.C. Cir. 2006) (rejecting defense argument that government's discovery obligations extended to securing potentially relevant material held by a foreign government)); *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (observing that "the government cannot be required to disclose evidence that it neither possesses nor controls"); *United States v. Weisz*, 718 F.2d 413, 436 (D.C. Cir. 1983) (noting that the "duty of disclosure attaches in some form once the [g]overnment has first gathered and taken possession of the evidence in question" (emphasis in original) (quoting *United States v. Brant*, 439 F.2d 642, 644 (D.C. Cir. 1971)); *see also United States v. Liddy*, 542 F.2d 76, 83 (D.C. Cir. 1976) (declining to reach the question whether the Jencks Act or Brady principles reach "materials in the possession of Congressional Committees").

The Court should not continue the trial based on speculation about whether and when any such additional, likely irrelevant, information may become available. The events of January 6, 2021, occurred over two years ago, and the defendant was charged just under two years ago, with the trial in this case scheduled over 4 months ago, with over a dozen pretrial motions that have

already been resolved in preparation for trial to proceed in less than two business days. Put simply, the ends of justice are not served by any further delay in the resolution of this case.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the Defendant's request for a continuance of this trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Christopher M. Cook*
Christopher M. Cook
KS Bar No. 23860
Assistant United States Attorney (Detailee)
601 D Street, N.W.
Washington, D.C. 20001
Christopher.cook5@usdoj.gov
(412) 327-3487

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
PA Bar No. 320922
601 D Street, N.W.
Washington, D.C. 20001
Rebekah.Lederer@usdoj.gov
(202) 252-7012