UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR. NO. 21-cr-305 (JEB)** |
| | : | |
| **SARA CARPENTER,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION *IN LIMINE* TO PRECLUDE THE DEFENDANT FROM ARGUING TO THE JURY THAT HER CONDUCT WAS PROTECTED BY THE FIRST AMENDMENT

The United States moves *in limine* to preclude the defendant from arguing to the jury that her conduct was protected by the First Amendment. None of the offenses with which the defendant is charged punish speech, as crimes such as threats or solicitation do. The crimes with which the defendant is charged punish the corrupt obstruction, influence, or impediment of an official proceeding (substantive violation of 18 U.S.C. § 1512(c)(2)); or actions taken during the riot.

If the United States establishes the elements of any of the offenses with which the defendant is charged, the First Amendment provides her no defense, even if evidence of the defendant's crimes are intertwined with political discussion and rhetoric. *See United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) ("[A]lthough the conspiracy was closely related to, and indeed proved by, many of the defendants' conversations about political and religious matters, the conviction was based on an agreement to cooperate in the commission a crime, not simply to talk about it."); *see also United States v. Hassan*, 742 F.3d 104, 127–28 (4th Cir. 2014) (citing *Amawi*).

Accordingly, any line of cross-examination or argument that the defendant may wish to make regarding the First Amendment is irrelevant because it lacks a "tendency to make the

existence of [a] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, and because she is not entitled to a First Amendment defense as a matter of law.  To the extent there is any relevance to any of the defendant's First Amendment claims, the Court should exclude any questioning and argument along those lines under Fed. R. Evid. 403.  Any attempt to shift the jury's attention to questions about whether the defendant's statements or conduct were protected by the First Amendment, rather than the charged offenses risks confusing the issues, wasting time, and unfairly prejudicing the jury.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   */s/ Christopher M. Cook*
CHRISTOPHER M. COOK
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
KS Bar No. 23860
601 D Street, NW
Washington, D.C. 20001
(412) 327-3487
Christopher.cook5@usdoj.gov

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Bar No. PA 320922
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-7012
Rebekah.Lederer@usdoj.gov