UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | Case No: 21-cr-305 (JEB) |
| v. | : | |
| | : | |
| **Sara Carpenter** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' PROPOSED JURY INSTRUCTIONS

Proposed Instruction[1]
Count One – Civil Disorder and Aiding and Abetting

Count <u>One</u> of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

- First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

- Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

- Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

---

[1] Adapted from Instruction No. 20 in the final jury instructions for *United States v. Robertson*, Case No. 21-CR-34 (D.D.C), ECF No. 86. The "Attempt" and "Aiding and Abetting" sections, as well as the "knowingly" definition, are adapted from Instruction No. 19 in *Robertson*, which preceded the Civil Disorder charge in that case. Proposed additions are denoted with underlines, and proposed deletions are denoted with strikethroughs.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A "civil disorder" is defined as any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of ~~obstruction of an official proceeding~~ <u>obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u>. An attempt to commit ~~obstruction of an official proceeding~~ <u>this offense</u> is a crime even if the defendant did not actually complete the crime of ~~obstruction of an official proceeding~~ <u>obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u>.

In order to find the defendant guilty of attempt to commit ~~obstruction of an official proceeding~~ <u>the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u>, you must find that the government proved beyond a reasonable doubt each of the following two elements:

- First, that the defendant intended to commit the crime of ~~obstruction of an official proceeding~~ <u>obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u>, as I have defined that offense above.

- Second, that the defendant took a substantial step toward committing ~~obstruction of an official proceeding~~ <u>the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u> that strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit ~~obstruction of an official proceeding~~ <u>this crime</u> merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit ~~obstruction of an official proceeding~~ <u>the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u> merely because he made some plans to or some preparation for committing that

crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit ~~obstruction of an official proceeding~~ <u>the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u>.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**

~~In this case,~~ <u>In Count One,</u> the government further alleges that the defendant aided and abetted others in committing ~~obstruction of an official proceeding~~ <u>the crime of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u> as charged in Count <u>One</u>.  A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of ~~obstruction of an official proceeding~~ <u>obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u> because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

- First, that others committed ~~obstruction of an official proceeding~~ <u>the offense of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder</u> by committing each of the elements of the offense charged, as I have explained above.

- Second, that the defendant knew that ~~obstruction of an official proceeding~~ <u>the offense</u> was going to be committed or was being committed by others.

- Third, that the defendant performed an act or acts in furtherance of the offense.

- Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense ~~of obstruction of an official proceeding~~.

- Fifth, that the defendant did that act or acts with the intent that others commit the offense ~~of obstruction of an official proceeding~~.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's

act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty ~~of obstruction of an official proceeding~~ of the offense as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

Proposed Instruction[2]
Count Two - Obstruction of an Official Proceeding and Aiding and Abetting

Count <u>Two</u> of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law. Count <u>Two</u> also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. ~~I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.~~

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

- First, the defendant attempted to or did obstruct or impede an official proceeding.

- Second, the defendant acted with the intent to obstruct or impede the official proceeding.

- Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

- Fourth, the defendant acted corruptly.

<u>Attempt has the same meaning as that described for Count One.</u>

<u>Aiding and Abetting has the same meaning as that described for Count One.</u>

**Definitions**

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count ~~1~~ <u>Two</u>, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

<u>The term "knowingly" has the same meaning as that described for Count One.</u>

---

[2] Adapted from Instruction No. 18 in the final jury instructions for *United States v. Strand*, Case No. 21-CR-85 (D.D.C), ECF No. 112. The full "Attempt" and "Aiding and Abetting" sections were moved to Count One. Proposed additions are denoted with underlines, and proposed deletions are denoted with strikethroughs.

~~A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.~~

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct. However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.

**Proposed Instruction**
**Count Three – Entering or Remaining in a Restricted Building or Grounds**

Count 3 of the indictment charges the defendant with entering or remaining in a restricted building or grounds.

**Elements**

In order to find the defendant guilty of entering or remaining in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building without lawful authority to do so.

Second, that the defendant did so knowingly.

**Definitions**

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

A person who enters or remains in a restricted area with a good faith belief that she is entering or remaining with lawful authority is not guilty of this offense.[3] Thus, you cannot find the defendant guilty of Count 3 unless you are convinced beyond a reasonable doubt that she did not have a good faith belief of her lawful authority to enter or remain in the restricted building.

---

[3] In *United States v. Strand*, 21-cr-85 the Court instructed the jury that "[a] person who enters in a restricted area with a good faith belief that she is entering with lawful authority is not guilty of this offense." Because the statute may be violated by either knowingly entering *or* knowingly remaining in a restricted area without lawful authority, as the second sentence of the *Strand* instruction prefaces, the government submits that it would be clearer for the jury to maintain the same "or remain[ing]" language throughout the instruction.

<u>Stipulations</u>

      The parties have stipulated to certain facts with respect to the definition of the "Capitol Building and Grounds," which are in evidence in the case.

## Proposed Instruction
## Count Four – Disorderly or Disruptive Conduct in a Restricted Building

Count 4 of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

### Elements

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

### Definitions

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" has the same meaning as described in Count 3.

The term "knowingly" has the same meanings as described in the instructions for Count 3.

### Stipulations

The same stipulation referred to in Count 3 with respect to the "Capitol Building and Grounds" applies to Count 4.

**Proposed Instruction**
**Count Five – Disorderly Conduct in a Capitol Building**

Count 6 of the indictment charges the defendant with disorderly or disruptive conduct in a Capitol Building, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

**Definitions**

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count 4 defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that her conduct may be violating.

The term "knowingly" has the same meaning as that described in the instructions for Count 3.

**Proposed Instruction**

**Count Six – Impeding Passage Through The Capitol Grounds or Buildings**

Count <u>Six</u> of the indictment charges the defendant with impeding passage through the Capitol Grounds or Buildings, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant acted willfully and knowingly.

- Second, that the obstructed or impeded passage through, or within the Grounds or any of the Capitol Buildings

**Definitions**

The terms "impeding" and "passage" have their ordinary meanings.

The term "United States Capitol buildings" has the same meaning described in the instructions for Count <u>Five</u> ~~defining "United States Capitol buildings~~.

The term "knowingly" has the same meaning as that described in the instructions for Count <u>Three</u>.

The term "willfully" has the same meaning as that described in the instructions for Count <u>Five</u>.

**Proposed Instruction[4]**
**Count Seven – Parading, Demonstrating, or Picketing in a Capitol Building**

Count Seven of the indictment charges the defendant with parading, demonstrating, or picketing in a Capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol buildings.

- Second, that the defendant acted willfully and knowingly.

**Definitions**

The terms "parade" and "picket" have their ordinary meanings.

The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The term "United States Capitol buildings" has the same meaning described in the instructions for Count Five ~~defining "United States Capitol buildings~~.

The term "knowingly" has the same meaning as that described in the instructions for Count Three.

The term "willfully" has the same meaning as that described in the instructions for Count Five.

---

[4] Adapted from Instruction No. 22 in the final jury instructions for *United States v. Strand*, Case No. 21-CR-85 (D.D.C), ECF No. 112. Proposed additions are denoted with underlines, and proposed deletions are denoted with strikethroughs.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Christopher M. Cook*
CHRISTOPHER M. COOK
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
KS Bar No. 23860
601 D Street, NW
Washington, D.C. 20001
(412) 327-3487
Christopher.cook5@usdoj.gov

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Bar No. PA 320922
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-7012
Rebekah.Lederer@usdoj.gov