UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 21-cr-305 (JEB) |
| | ) | |
| **SARA CARPENTER,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**Count One – Civil Disorder**

Count One of the indictment charges defendant Sara Carpenter with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder.

Elements

To find Ms. Carpenter guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that Ms. Carpenter knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, that at the time of Ms. Carpenter's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

1

Third, that the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

To find Ms. Carpenter guilty, you must unanimously agree that the government has shown 1) that the civil disorder obstructed, delayed, or adversely affected commerce or the movement of an article or commodity in commerce; or 2) that the civil disorder obstructed, delayed, or adversely affected the conduct or performance of a federally protected function. If you do not unanimously agree as to one of these options, then you must find Ms. Carpenter not guilty of this offense.

Definitions

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether Ms. Carpenter acted knowingly, you may consider all of the evidence, including what she did or said.

A "civil disorder" is defined as any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

Attempt (Defendant concurs with the government's proposed instruction. *See* ECF No. 73 at 2-3).

Aiding and Abetting[1]

A person may be guilty of an offense because she personally committed the offense herself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Ms. Carpenter aided and abetted others in committing the offense obstructing, impeding or interfering with law enforcement officers lawfully performing their official duties incident to a civil disorder. To find Ms. Carpenter guilty as an aider and abettor, you must find that the government proved beyond a reasonable doubt each of the following four requirements:

First: that others committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.

Second: that Ms. Carpenter had advance knowledge that the offense charged was going to be committed or was being committed by others.[2]

---

[1] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02; *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29-31; *United States v. Hale-Cusanelli*, 21-cr-37 (TNM), Final Jury Instructions, ECF No. 84 at 29-30.

[2] *See Rosemond v. United States*, 572 U.S. 65, 81-82 (2014) ("The District Court erred…because it did not explain that Rosemond needed advance knowledge of a firearm's presence.").

Third: That Ms. Carpenter knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense;

Fourth: That Ms. Carpenter performed an act in furtherance of the offense charged.

In deciding whether Ms. Carpenter had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including her words and actions and other facts and circumstances. However, evidence that Ms. Carpenter merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abetter. If the evidence shows that Ms. Carpenter knew the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that she had the intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself with the offense, you may not find her guilty of the offense as an aider and abetter. The government must prove beyond a reasonable doubt that Ms. Carpenter in some way participated in the offense committed by others as something she wished to bring about and to make succeed.

**Count Two – Obstruction of an Official Proceeding**[3]

For you to find Ms. Carpenter guilty of the crime charged in Count One of the Indictment, you must find that the government has proven each of the following elements beyond a reasonable doubt:

1. First, that Ms. Carpenter attempted to and did obstruct or impede any official proceeding;

2. Second, that Ms. Carpenter intended to obstruct or impede the official proceeding;

3. Third, that Ms. Carpenter acted knowingly, with awareness that the natural and probable effect of her conduct would be to obstruct or impede the official proceeding, and;

4. Fourth, that Ms. Carpenter acted corruptly.

Definitions

An "official proceeding" is a formal hearing before a tribunal, including Congress.[4]

"Knowingly" has the same meaning provided earlier with respect to Count One. In deciding whether Ms. Carpenter acted knowingly, you may consider all of

---

[3] *See United States v. Guy Reffitt*, 21-cr-32 (DLF), Final Jury Instructions, ECF No. 119 at 25; *United States v. Thomas Robertson*, 21-cr-34 (CRC), Final Jury Instructions, ECF No. 86 at 12-13.

[4] *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013). The defense notes and preserves the argument raised in its motion to dismiss that the electoral certification is not an "official proceeding" under the statute.

5

the evidence, including what she did, said or perceived.

An act is done "corruptly" if it is done voluntarily, intentionally, and dishonestly, either to bring about an unlawful result or a lawful result by some unlawful method, with a hope or expectation or other financial gain or to obtain an unlawful benefit for oneself or an associate. The person must also act with "consciousness of wrongdoing," which means an understanding or awareness that what the she is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

In the event you find Ms. Carpenter guilty of any of the other charges in the indictment, that finding alone is not sufficient to determine that she acted corruptly for purposes of Count 1, Obstruction of an Official Proceeding. The "unlawful purpose" and corrupt intent must be directly tied to the official proceeding.

Attempt and Aiding and Abetting have the same meanings they have in Count One

**Count Three – Count Three – Entering or Remaining in a Restricted Building or Grounds**

Count Three of the indictment charges Ms. Carpenter with entering or remaining in a restricted building or grounds.

Elements

To find Ms. Carpenter guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that Ms. Carpenter entered or remained in a restricted building without lawful authorization to do so; and

2. Second, that she acted willfully and knowingly

Definitions

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether Ms. Carpenter knowingly entered or remained in a restricted building, you may consider all of the evidence, including what Ms. Carpenter did, said or perceived.

A person who enters or remains in a restricted area with a good faith belief that she is entering or remaining with lawful authority is not guilty of this crime.

7

Thus, you cannot find Ms. Carpenter guilty of Count Three unless you are convinced beyond a reasonable doubt that she did not have a good faith belief of her lawful authority to enter or remain in the restricted building.

Stipulations

The parties have stipulated to certain facts with respect to the definition of the "Capitol Building and Grounds," which are in evidence.

**Count Four- Disorderly or Disruptive Conduct in a Restricted Building**

Count Four of the indictment charges Ms. Carpenter with disorderly or disruptive conduct in a restricted building or grounds.

Elements

To find Ms. Carpenter guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that Ms. Carpenter engaged in disorderly or disruptive conduct;

Second, that Ms. Carpenter did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

Third, that Ms. Carpenter's conduct was in a restricted building or grounds; and

Fourth, that Ms. Carpenter's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses language likely to produce violence on the part of others, or language that is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.[5]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" has the same meaning provided in Count Three.

The term "knowingly" has the same meaning provided in Counts One and Three.

Stipulations

The stipulation referred to in Count Three also applies to Count Four.

**Count Five – Disorderly Conduct in a Capitol Building**

Count Five of the Indictment charges Ms. Carpenter with Disorderly Conduct in a Capitol Building.

---

[5] *United States v. Dustin Thompson*, 21-cr-161 (RBW), Final Jury Instructions, ECF No. 83 at 33; *United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 38.

To find Ms. Carpenter guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that Ms. Carpenter engaged in disorderly or disruptive conduct in the United States Capitol Buildings;

Second, that Ms. Carpenter did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

Third, that Ms. Carpenter acted willfully and knowingly.

Definitions

The term "disorderly or disruptive conduct" has the same meaning given in the instructions for Count Four.

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that Ms. Carpenter is aware of the specific law or rule his conduct may be violating.

The term "knowingly" has the same meaning given in previous instructions.

**Count Six – Impeding Passage Through the Capitol Grounds or Buildings** (Defendant concurs with the government's proposed instruction. *See* ECF No. 73 at 11).

**Count Seven – Parading, Demonstrating or Picketing in a Capitol Building** (Defendant concurs with the government's proposed instruction. *See* ECF No. 73 at 12).

Respectfully submitted,

By:       /s/ *Michelle A. Gelernt*
Michelle A. Gelernt
Deputy Attorney-in-Charge

Kannan Sundaram
Assistant Federal Defender

Federal Defenders of New York
Brooklyn, NY 11201