UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-305 (JEB) |
| | : | |
| SARA CARPENTER, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**OPPOSITION TO DEFENDANT'S MOTION TO STAY CASE**

Defendant Sara Carpenter moved to stay (ECF No. 115) sentencing "until after the the U.S. Supreme Court resolves *Fischer v. United States*, 64 F.4d 329 (D.C. Cir. 2023). The government opposes staying this case. Staying Defendant Carpenter's case is not in the interest of justice. On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which Defendant Carpenter was convicted at trial. This development does not merit a continuance of the sentencing hearing scheduled for December 19, 2023.

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The

party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

With regard to continuances, "[i]t is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; (7) and other relevant factors which may appear in the context of any particular case. *Id.* at 491.

Whether viewed as a motion to stay or a motion for a lengthy continuance, Carpenter's motion should be denied because the relevant factors weigh against her request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Carpenter is likely to succeed on the merits of any challenge to her Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in

2

ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses of which Carpenter was convicted, and more than 15 months after the jury returned its guilty verdict in this case. Delaying the sentencing for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance. A further lengthy delay of sentencing for Carpenter would also afford her an unfair advantage not granted to other defendant's, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

Defendant Carpenter will not suffer any irreparable injury by proceeding with sentencing as scheduled next week. Even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate Carpenter's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held

3

in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-3845, 1994 U.S. App. LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict.").

Moreover, obstruction of Congress was not Defendant Carpenter's only conviction. She will also be sentenced for civil disorder, in violation of Section 231(a)(1), as well as violations under 18 U.S.C. § 1752 and 40 U.S.C. § 5104. This Court can and should make clear what its sentence would be if the 1512(c)(2) violation were the only offense of conviction. Regardless of the implications of *Fischer*, the public and the government have a right to finality on the defendant's other felony conviction involving the destruction of evidence.

Finally, any potential irreparable injury to Carpenter can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)  "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and

4

      (2)    that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion. The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to Carpenter.

    For all these reasons, the defendant's motion to stay/continue sentencing for six months or more should be denied, and the Court should proceed with sentencing Defendant Carpenter on December 19, 2023.

                                       Respectfully submitted,

                                       MATTHEW M. GRAVES
                                     UNITED STATES ATTORNEY
                                     D.C. Bar Number 481052

By:    */s/ Rebekah E. Lederer*
         Rebekah Lederer
         Pennsylvania Bar No. 320922
         Assistant United States Attorney
         U.S Attorney's Office for District of Columbia
         601 D St. N.W, Washington, DC 20530
         (202) 252-7012
         rebekah.lederer@usdoj.gov

         Christopher M. Cook
         Trial Attorney – Detailee
         U.S. Department of Justice
         601 D Street N.W.
         Washington, D.C.  20579

202-616-2925
DC Bar No. 90013354