KATIE HURRELBRINK
California State Bar No. 325632
ZANDRA LUZ LOPEZ
California State Bar No. 216567
**Federal Defenders of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
katie_hurrelbrink@fd.org

Attorneys for Mr. Sara Carpenter

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 21-CR-305-JEB |
| Plaintiff, | |
| v. | **MOTION TO EXTEND SELF-SURRENDER DATE** |
| SARA CARPENTER, | |
| Respondent. | |

Ms. Sara Carpenter, by and through her attorneys, Katie Hurrelbrink and Federal Defenders of San Diego, hereby moves to extend her self-surrender date to give her a full and fair opportunity to seek bail pending appeal before she enters custody. After sentencing, Ms. Carpenter was re-assigned to Federal Defenders of San Diego to handle her appeal. Ms. Carpenter's newly assigned attorneys plan to seek bail pending appeal from the D.C. Circuit Court of Appeals. But to do so, counsel must provide the D.C. Circuit with a statement of the issues involved in appeal and show that those issues are likely to succeed on the merits. Counsel cannot do so at this stage, because counsel has not received all the transcripts, preventing counsel from determining which questions the appeal will raise. Transcripts will not be finished by Ms. Carpenter's current self-surrender date of

February 21, 2024. Some court reporters have contacted counsel to say that the transcripts will be ready in early March. Other court reporters have not contacted counsel at all. Thus, to allow time for counsel to receive and review the transcripts, counsel requests that the court extend Ms. Carpenter's self-surrender date by six weeks or by a shorter period amenable to the court. Ms. Carpenter has performed flawlessly on release, and thus, a brief extension will not pose a risk of flight or to the community.

### STATEMENT OF FACTS

In March 2023, Ms. Carpenter was convicted of several offenses arising from January 6. ECF Docket Number ("Doc.") 99. The Federal Public Defender for the District of Columbia represented her at sentencing on December 19, 2023. She received a 22-month sentence. Doc. 118. At sentencing, counsel requested both release pending appeal and a self-surrender date. The Court denied the first request, stating, "I don't feel, again, there's a substantial question here, and I have sentenced her to a sentence that I would also sentence her to regardless of *Fischer*." Sentencing Transcript at 31. As for the second request, this Court ordered Ms. Carpenter to "surrender on a date no earlier than 2/1/2024." Doc. 118 at 4. The Court instructed Probation or Pretrial Services to set the exact date for her self-surrender. *Id*. at 3.

Ms. Carpenter was reassigned to Federal Defenders of San Diego, Inc. for her appeal. Her newly assigned counsel received the assignment in mid-January 2024. In early February, she applied for admission to practice in the D.C. Circuit. *See* D.C. Circuit Case No. 23-3235. She also ordered transcripts from five court reporters. Two court reporters contacted her paralegal to say that the transcripts would be due on the first week of March. The other three have not contacted counsel's office, and counsel's paralegal does not have individual email addresses for those court reporters. Several of counsel's colleagues have January 6 cases, and some have been warned that their transcripts will be significantly delayed.

On February 7, a probation officer emailed Ms. Carpenter to inform her that she was required to report to FCI Aliceville on Wednesday, February 21, 2024. Counsel contacted the probation officer to request an extension, but the probation officer stated that she could not extend the date.

## ARGUMENT

This Court should extend Ms. Carpenter's self-surrender date by six weeks (or a shorter period amenable to the court) so that newly assigned appellate counsel has a full and fair opportunity to move for release pending appeal. A defendant qualifies for release pending appeal if (1) they are not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not for delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a noncustodial sentence, or a custodial sentence lower than the expected duration of the appeal. 18 U.S.C. § 3143(b)(1).

This Court has already found that Ms. Carpenter meets the first criterion. That's because this Court continued Ms. Carpenter on release pending sentencing. In so doing, this Court necessarily "f[ound] by clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)," 18 U.S.C. § 3143(a)(1), the very same standard applicable to the flight-and-danger element of release pending appeal, 18 U.S.C. § 3142(b)(1)(A). She also meets the second criterion, as she is not appealing for purposes of delay. The amount of time requested is limited to allowing newly appointed counsel an opportunity to review the record. It is therefore incumbent upon counsel to review her case to determine whether her appeal does in fact raise a substantial question, thereby satisfying the third criterion and qualifying her for release. If so, then counsel will move for release pending appeal in the D.C. Circuit.

But counsel cannot make that evaluation without the materials and time necessary to analyze Ms. Carpenter's appeal on the merits. Nor can counsel

1  meaningfully comply with the D.C. Circuit's rules regarding a motion for release
2  pending appeal. Per circuit rules, a defendant requesting release must provide "a
3  concise statement of the question or questions involved in the appeal, with a
4  showing that the appeal raises a substantial question of law or fact likely to result
5  in reversal or in an order for a new trial." D.C. Cir. Rule 9(b)(3). The defendant
6  must also give the district court's reasons for the denial. D.C. Cir. Rule 9(b)(2). In
7  this case, those reasons also related to the merits: This Court found that the appeal
8  did not raise a substantial question. Sentencing Transcript at 31. Counsel cannot
9  meaningfully lay out the bases for appeal or engage with this Court's "substantial
10 question" finding without having done a full case review on the merits.

11 Counsel therefore requests this six-week extension in Ms. Carpenter's self-
12 surrender date. The transcripts will be completed by the first week of March at the
13 earliest. But because three of the five court reporters have not reached out to
14 counsel's office with an estimated timeline, counsel fears that some of the
15 transcripts will come in later than that. Counsel then needs enough time to read all
16 the transcripts, research legal issues, and compose a motion for bail pending appeal.
17 The requested six-week period is an appropriate amount of time to receive
18 transcripts and complete that review.

19 Ms. Carpenter will not pose a danger or flight risk during this brief extension.
20 Ms. Carpenter has no criminal history. She has been released on her own
21 recognizance for 2 years and 10 months, and she has performed flawlessly. She has
22 always appeared at court as directed, and she has never violated her release
23 conditions, whether pretrial, presentencing, or post-sentencing. Additionally,
24 Ms. Carpenter has strong personal reasons not to flee or to violate release
25 conditions. She takes care of her elderly parents, providing home care and
26 transportation and chaperoning doctor appointments. She is devoted to her son
27 Luke, who is in college. And she cares for a rescue German Shepard, Anna, who
28 has overcome severe anxiety and has formed an emotional bond with

Ms. Carpenter. Ms. Carpenter will not compromise these loving relationships by doing anything that might imperil her release.

Dated: February 13, 2024    Respectfully submitted,

*s/ Zandra Luz Lopez*
Zandra Luz Lopez
Katie Hurrelbrink
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Carpenter
Email:  Zandra_lopez@fd.org
          katie_hurrelbrink@fd.org